## GREGORY v. ATKINSON et al.

### (District Court, E. D. Missouri, E. D. January 23, 1904.)

### No. 3,683.

1. BANKRUPTCY—FRAUDULENT TRANSFERS—VACATION—ACTION BY TRUSTEE—FEDERAL COURTS—JURISDICTION.

Bankr. Act July 1, 1898, c. 541, § 23, subd. "b," 30 Stat. 552 [U. S. Comp. St. 1901, p. 3431], provides that suits by the trustee shall be brought or prosecuted in the courts where the bankrupt whose estate is being administered might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant, except suits for the recovery of property transferred to accomplish a preferential payment within four months of the institution of bankruptcy proceedings authorized by section 60b, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445], or to set aside transfers constituting a fraudulent disposition of property within four months of the institution of bankruptcy proceedings under section 67e, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3448]. Section 70e, 30 Stat. 566 [U. S. Comp. St. 1901, p. 3452], declares that the trustee may avoid fraudulent transfers by the bankrupt which any creditor might have avoided, and for that purpose any court of bankruptcy, or any state court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction. *Held*, that where defendants in an action by a trustee in bankruptcy to set aside alleged fraudulent transfers not creating a preference, nor made within four months of bankruptcy, did not consent to be sued in a federal court, such court had no jurisdiction of the action.

Thos. H. Cobbs and Jos. S. McIntyre, for complainant.
Fry & Rogers, for defendants.

ADAMS, District Judge. This is a bill filed by the trustee of the estate of James M. Beagles in this court to annul certain policies of insurance upon the lives of two of the sons of the bankrupt, which by their terms became payable to the bankrupt in the year 1904. The transfers complained of were made in the year 1901 by the bankrupt with intent, as alleged, to hinder, delay, and defraud his creditors. The defendants Atkinson and Locke are the transferees of the policies, and the defendant insurance company is alleged to have aided and assisted the bankrupt in his unlawful purpose and intent.

The bankrupt was adjudicated such, upon his voluntary petition, on March 18, 1903—two years, at least, after the alleged fraudulent transfers were made.

The question for decision is whether this court has jurisdiction of the action. It is conceded that the right of action is not founded upon the provisions of section 60, subd. "b," or section 67, subd. "e," Act July 1, 1898, c. 541, 30 Stat. 562, 564 [U. S. Comp. St. 1901, pp. 3445, 3448]. There is no claim that the transfers were made either to accomplish a preferential payment within four months of the institution of bankruptcy proceedings, within the meaning of section 60b, or to work a fraudulent disposition of property within four months of the institution of bankruptcy proceedings, within the meaning of section 67e. The trustee is proceeding, under the provisions of section 70e, 30 Stat. 566 [U. S. Comp. St. 1901, p. 3452], to avoid transfers which creditors might have avoided under the state laws if bankruptcy proceedings had not intervened.

The last-mentioned section reads as follows.

"(e) The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property transferred or its value from the person to whom it was transferred, unless he was a bona fide holder for value prior to the date of the adjudication. For the purpose of such recovery any court of bankruptcy as hereinabove defined and any state court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction."

Counsel for trustee contend that this last clause, which was added to the section by the amendatory act of February 5, 1903, c. 487, 32 Stat. 797, confers jurisdiction upon this court in all cases of fraudulent conveyances within the purview of state statutes made by the bankrupt at any time prior to the institution of bankruptcy proceedings. If attention be given to section 70e only, their contention would doubtless be sound; but the entire act must be considered, to arrive at the true construction of any of its provisions.

Section 23, subd. "b," 30 Stat. 552 [U. S. Comp. St. 1901, p. 3431], is as follows:

"Suits by the trustee shall be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant, except suits for the recovery of property under section 60, sub. 'b,' and section 67, sub. 'e.'"

Prior to the amendment of 1903 the District Court could entertain jurisdiction over suits brought by trustees in bankruptcy to set aside fraudulent conveyances, by the proposed defendant's consent, and not otherwise. Such was the construction placed on the act by the Supreme Court of the United States. Bardes v. Hawarden Bank, 178 U. S. 524, 539, 20 Sup. Ct. 1000, 44 L. Ed. 1175. In the light of the opinion in that case, Congress amended subdivision "b" of section 23 by adding the words, "except suits for the recovery of property under section 60b, and section 67e." By this section as amended, Congress, in my opinion, intended to, and did, confer jurisdiction without the consent of the proposed defendant in cases contemplated in the exception, namely, those for the recovery of preferential pay-

ments provided for by section 60b, and to set aside fraudulent conveyances provided for by section 67e, provided the payments or the conveyances were made within four months prior to the filing of the petition for adjudication. In all other cases I think the law is left as it was prior to the amendatory act.

Section 70e, as amended, clearly enough confers jurisdiction upon this court over the subject-matter of fraudulent conveyances in violation of state statutes, irrespective of the time when made. But does it go further, and confer jurisdiction over the persons of the defendants without their consent? In very emphatic language, Congress, by section 23b, laid down a general and comprehensive rule to the effect that suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt might have brought or prosecuted them, if proceedings in bankruptcy had not been instituted, except by consent of the proposed defendants. To this general rule two exceptions already referred to are expressly made. If Congress had intended to except from this general rule all actions to set aside fraudulent conveyances, as contemplated by section 70e, no reason is apparent why it did not, in terms, except such actions from the operation of the general rule there laid down. Its attention was called to the subject, and it legislated on that subject. Under such circumstances, it is reasonable to conclude that it expressly mentioned all of the exceptions it intended to make. The amendment of February 5, 1903, conferring jurisdiction upon courts of bankruptcy, in common with state courts, for the recovery contemplated by section 70e, must, in my opinion, be read in connection with section 23b, and, when so read, means that jurisdiction over the subject-matter of section 70e is conferred upon this court, but can be exercised only on the condition imposed by section 23b, of securing the consent of the proposed defendants. This conclusion is re-enforced by the fact that, notwithstanding jurisdiction is conferred upon this court by section 23b to recover preferential payments and cancel fraudulent conveyances made within four months prior to bankruptcy proceedings without the consent of the proposed defendants, yet Congress, out of abundant precaution, saw fit in both sections 60b and 67e to expressly provide for jurisdiction over the subject-matter in such cases. The same precaution doubtless promoted Congress to confer general jurisdiction in common with state courts over suits contemplated by section 70e, in cases where consent to the personal jurisdiction was made a prerequisite to the exercise of general jurisdiction over the subject.

In the case now before the court, no consent has been given by the defendants to the exercise of jurisdiction over them by this court. For want of such consent, they, appearing for this purpose only, move the court to dismiss this proceeding for want of jurisdiction. Their motion is well taken, and must be sustained.