SKEWIS v. BARTHELL.

(District Court, N. D. Iowa, Eastern Division. March 19, 1907.)

No. 646.

BANKRUPTCY—FRAUDULENT CONVEYANCES — VACATION —·JURISDICTION — CONSENT.

Bankr. Act July 1, 1898, c. 541, § 70e, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3452], authorizes the trustee to avoid any transfer by the bankrupt of his property which any creditor of the bankrupt might have avoided, and provides that the trustee may recover the property so transferred, or its value, unless the transferee is a bona fide holder for value, prior to the date of the adjudication. Act Feb. 5, 1903, c. 487, § 16, 32 Stat. 800 [U. S. Comp. St. Supp. 1905, p. 690], amends such section by adding a provision that, for the purpose of such recovery, any court of bankruptcy as previously defined, and any state court, which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction. *Held* that, where a suit was brought by the trustee of a bankrupt estate to recover certain real estate from one to whom the bankrupt had conveyed the same in fraud of his creditors more than four months prior to the bankruptcy, the court of bankruptcy had no jurisdiction of such suit, in the absence of the defendant's consent thereto.

In Equity. On plea to the jurisdiction of the court.

The bill alleges that John W. Barthell, of Lyon county, this state, was adjudged bankrupt by this court March 12, 1904, and that complainant is the duly appointed trustee of his estate; that on October 31, 1903, the bankrupt was the owner in fee of 180 acres of land in Allamakee county, in this state, and on that date conveyed the same to the defendant, M. J. Barthell, a resident of said Allamakee county, with intent to hinder, delay, and defraud the creditors of said bankrupt. The prayer is that the conveyance be set aside, and that complainant recover said land or its value from the defendant for the benefit of the bankrupt estate. The defendant appears specially and objects to the jurisdiction of the court, upon the grounds, in substance, that the suit is not one to recover property conveyed by the bankrupt while insolvent, as a preference or in fraud of creditors within the four months prior to the institution of the bankruptcy proceedings, but is one to avoid a transfer of property made by the bankrupt more than four months prior thereto, which any creditor of the bankrupt might have avoided; and that defendant has not consented, and does not consent, that the suit may be brought or prosecuted against him in this court, and asks that it be dismissed for want of jurisdiction.

E. C. Roach and C. J. Miller, for complainant.

Hurd, Lenehan & Kiesel and Stillwell & Stillwell, for defendant.

REED, District Judge (after stating the facts). In argument, the sufficiency of the facts alleged in the bill of complaint, as grounds of recovery, was challenged by the defendant; but this goes to the merits, and, if the court has jurisdiction of the suit, the bill might be amended to cure its alleged defects in this respect. The principal question, therefore, is that of the jurisdiction of this court to entertain the suit without the consent of the defendant.

The suit is not brought under section 60b of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]), to recover a preference, nor under section 67e (30 Stat. 564 [U. S. Comp. St. 1901, p. 3449]), to recover property transferred in fraud of creditors within the four months next preceding the bankruptcy proceedings, and, if it can be maintained in this court, it must be under section 70e (30 Stat. 565 [U. S. Comp. St. 1901, p. 3452]) of the act as amended. Prior to the amendment of February 5, 1903, it seems quite certain that the court of bankruptcy would have had jurisdiction of a suit under section 70e, if at all, only with the consent of the proposed defendant. Bardes v. Hawarden Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175. That case involved a transfer of property made by the bankrupt either under section 60b, as a preference, or under section 67e, in fraud of creditors, while insolvent and within the four months immediately prior to the bankruptcy proceedings, and it was held that a suit by the trustee to recover the property, or its value from a third party who has possession thereof, claiming it adversely to the bankrupt, is a suit at law or in equity, as distinguished from proceedings in bankruptcy, and could be prosecuted in a court of bankruptcy only with the consent of the proposed defendant. It may be that, whether or not a suit by the trustee to recover property transferred under section 70e could have been maintained prior to the amendment in a court of bankruptcy, with the consent of the defendant, was not definitely determined in that case; but, after pointing out that the act of 1898 did not confer upon the bankruptcy courts the concurrent jurisdiction given to them under the acts of 1841 and 1867, the opinion continues:

"Congress, by the second clause of section 23 of the present bankrupt act (23b), appears to this court to have clearly manifested its intention that controversies, not strictly or properly part of the proceedings in bankruptcy, but independent suits brought by the trustees in bankruptcy to assert a title to money or property as assets of the bankrupt, against strangers to those proceedings, should not come within the jurisdiction of the District Courts of the United States, 'unless by consent of the proposed defendant.' One object in inserting this clause in the act may well have been to leave such controversies to be tried and determined, for the most part, in the local courts of the state, to the greater economy and convenience of litigants and witnesses."

This reasoning is as clearly applicable to suits under section 70e as to those under sections 60b, or 67e (Bush v. Elliott, 202 U. S. 477, 26 Sup. Ct. 668, 50 L. Ed. 1114); and yet it may well be said that the facts upon which the opinion rests do not call for a decision of any question arising under section 70e, and that no such question is determined (Bryan v. Bernheimer, 181 U. S. 188–197, 21 Sup. Ct. 557, 45 L. Ed. 814; York Manufacturing Co. v. Cassell, 201 U. S. 344–353, 26 Sup. Ct. 481, 50 L. Ed. 782).

The obvious purpose, then, of the amendment of these three sections, was to more clearly designate what courts should have jurisdiction of suits by the trustee arising under them respectively, and the contention now is that, since the amendment, the courts of bankruptcy have jurisdiction of such suits arising under section 70e, as well as of those arising under section 60b, and section 67e, without the consent of the proposed defendants. This question was urged upon the Supreme Court in Whitney v. Wenman, 198 U. S. 539, 25 Sup. Ct. 778, 49 L. Ed. 1157; but the bankruptcy court in that case had acquired the custody of the property, and its right to determine controversies in relation thereto was sustained upon that ground, and the question was not determined. In Gregory v. Atkinson (D. C.) 127 Fed. 183, it is held that the courts of bankruptcy have jurisdiction of a suit by the trustee under section 70e, as amended, with the consent of the proposed defendant, and not otherwise; but in Hurley v. Devlin (D. C.) 149 Fed. 268, it is held that they have jurisdiction without the defendant's consent. These decisions are in direct conflict, and cannot be reconciled. The question does not seem to have been considered in any other reported case, unless it be in Re Grissler, 136 Fed. 754, 69 C. C. A. 406, where it seems to be held by the Court of Appeals, Second Circuit, that, without the defendant's consent, the court of bankruptcy does not have jurisdiction of such a suit since the amendment. In Blake v. Nesbet (D. C.) 144 Fed. 279, the property was transferred within the four months preceding the bankruptcy proceedings. If by what is said of section 70e, as amended, at page 283 of the opinion, it is intended to hold that the court would have jurisdiction of the suit without consent of the defendant, such holding is not based upon any facts calling for a determination of that question.

By section 13 of the Amendatory Act of February 5, 1903, c. 487, 32 Stat. 799 [U. S. Comp. St. Supp. 1905, p. 689], section 60b of the act of 1898 is amended so as to read as follows:

"(b) If a bankrupt shall have given a preference, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person. *And for the purpose of such recovery, any court of bankruptcy, as hereinbefore defined and any State court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction.*"

—the words in italics being added by the amendment.

By section 16 (32 Stat. 800 [U. S. Comp. St. Supp. 1905, p. 690]) the same words are added as an amendment to sections 67e, and 70e, respectively. Section 8 of the amendatory act (32 Stat. 798 [U. S. Comp. St. Supp. 1905, p. 686]) amends section 23b, and, as that amendment first passed the House, it adds to that section the following: "Except suits for the recovery of property under section sixty, subdivision b, section sixty-seven, subdivision e, and section seventy, subdivision e." When this came before the Senate, it was amended by striking out the words "subdivision e, and section seventy," and inserting the word "and" before the words "section sixty-seven," so as to make section 8 of the amendatory act read as follows:

"Sec. 8. That subdivision b of section twenty-three of said act be, and the same is hereby, amended so as to read as follows:

"(b) Suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant, *except suits for the recovery of property under section sixty, subdivision b, and section sixty-seven, subdivision e.*"

Some further changes were made in other sections, and as so changed the amendment passed the Senate, and these changes were agreed to by the House, and as so amended it was finally passed and approved. Congressional Record, vol. 36, pt. 1, pp. 1034, 1035, 1036, under date of January 21, 1903. Collier on Bankruptcy (5th Ed.) pp. 266–573; Brandenburg on Bankruptcy (3d Ed.) p. 369, § 578.

The omission of section 70e, as amended, from the amendment to section 23b, therefore, was not accidental but was designedly done. That the state courts of general jurisdiction may, in proper cases, exercise their jurisdiction over a defendant without his consent, is, no doubt, true; but the national courts have and can exercise only such jurisdiction as Congress sees fit to confer upon them, and it does not follow that, because jurisdiction of the subject-matter of a suit is conferred upon a court of the United States, concurrent with that of a state court, that it may exercise that jurisdiction without the consent of the defendant in the suit. This appears from the recent decision of the Supreme Court in Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. ——, where it is held that a Circuit Court of the United States may not take jurisdiction under the present judiciary act of a suit between citizens of different states, other than that in which suit is brought, without the consent of both parties to the suit, when the jurisdiction is founded only upon the fact that the action is between citizens of different states, though jurisdiction of the subject-matter of the suit may be complete. If the amendment of section 70e has the effect claimed for it, of conferring jurisdiction upon the bankruptcy courts of suits by the trustee under that section without the consent of the defendant, the same effect should be given to sections 60b and 67e, as amended, for the amendment of each is identical with that of section 70e, and the purpose obviously the same, and the amendment of section 23b was wholly unnecessary and is without effect; but after conferring upon the courts of bankruptcy jurisdiction, concurrent with that of the specified state courts, of the subject-matter of suits arising under sections 60b, 67e, and 70e, the amendment of 23b is apparent, and its plain purpose is to declare that suits arising under sections 60b and 67e may be brought by the trustee in the courts of bankruptcy, without the consent of the proposed defendants, while those arising under section 70e may be there prosecuted, only with the consent of the defendants. As so construed, each of these amendments is given the effect manifestly intended by the plain language thereof.

The conclusion, therefore, is that the bankruptcy courts have jurisdiction of suits by the trustee to recover property under section 70e, as amended, with the consent of the proposed defendant, and not otherwise; and, as the defendant in this suit has not so consented, the suit must be dismissed, without prejudice, and at complainant's costs.

It is so ordered.