## HULL v. BURR.

### (Circuit Court of Appeals, Fifth Circuit. April 2, 1907.)

#### No. 1,639.

1. BANKRUPTCY—SUITS BY TRUSTEES—JURISDICTION OF DISTRICT COURT.

A trustee in bankruptcy is vested by the act of 1898 with all the rights and title of the bankrupt and of his creditors, and, when he seeks to enforce rights or to recover property in a district other than that of the court which appointed him, he stands in the position of those whose rights he has acquired, and can resort only to the same courts, state or federal, and is confined to the same remedies, subject to the exceptions made by Act July 1, 1898, c. 541, §§ 23b, 70e, 30 Stat. 552, 565 [U. S. Comp. St. 1901, pp. 3431, 3452], as amended in 1903 (Act Feb. 5, 1903, c. 487, §§ 8, 16, 32 Stat. 798, 800 [U. S. Comp. St. Supp. 1905, pp. 686, 690]).

2. SAME.

A District Court of the United States is without jurisdiction of a suit by a trustee in bankruptcy appointed in another district to recover property from one to whom it was conveyed by the bankrupt more than four months prior to the bankruptcy, and who took possession of it after the bankruptcy; the ground of recovery alleged being that the conveyance was in fact a mortgage, unless the defendant consents to such jurisdiction. Such an action is not one of which the District Court as a court of bankruptcy is given jurisdiction without such consent, by Bankr. Act July 1, 1898, c. 541, § 23b, or section 70e, 30 Stat. 552, 565 [U. S. Comp. St. 1901, pp. 3431, 3452], as amended in 1903 (Act Feb. 5, 1903, c. 487, §§ 8, 16, 32 Stat. 798, 800 [U. S. Comp. St. Supp. 1905, pp. 686, 690]).

[Ed. Note.—Jurisdiction of federal courts in suits relating to bankruptcy, see note to Bailey v. Mosher, 11 C. C. A. 313.]

3. SAME.

Bankr. Act July 1, 1898, c. 541, ... 70e, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3452], as amended in 1903 (Act Feb. 5, 1903, c. 487, § 8, 32 Stat. 800 [U. S. Comp. St. Supp. 1905, p. 690]). does not confer on a court of bankruptcy jurisdiction of a suit brought by a trustee thereunder to avoid a transfer made by a bankrupt, unless by consent of the defendant, which is made a condition to such jurisdiction in all suits by trustees by amended section 23b with the exceptions expressly mentioned therein.

4. SAME—COURTS OF BANKRUPTCY—ANCILLARY JURISDICTION.

Courts of bankruptcy have no jurisdiction except that conferred by statute; and Bankr. Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901 p. 3418], neither expressly nor impliedly provides for summary proceedings, or for auxiliary or ancillary proceedings, in another court of bankruptcy, in aid of the bankruptcy court which made the adjudication and has charge of the bankrupt's estate.

Petition to Superintend and Revise Proceedings from the District Court of the United States for the Southern District of Florida.

The respondent, Arthur E. Burr, filed in the court below the following petition:

"In the District Court of the United States in and for the Southern District of Florida.

"In the Matter of the Petition of Arthur E. Burr, Trustee in Bankruptcy of the Estate of the Port Tampa Phosphate Company, a Corporation, against Joseph Hull, of Savannah, in the State of Georgia.

"Your petitioner, Arthur E. Burr, trustee in bankruptcy of the estate of the Port Tampa Phosphate Company, a corporation, respectfully represents that, on November 9, 1905, a petition in bankruptcy was filed in the District Court of the United States for the District of Massachusetts, against the Port

153 F.—60

Tampa Phosphate Company, a corporation duly established according to the laws of the commonwealth of Massachusetts; that thereafter, on the 27th day of November, 1905, the said Port Tampa Phosphate Company was duly adjudged bankrupt; that your petitioner was duly appointed trustee of the estate of said bankrupt corporation on the 27th day of December, 1905, and thereafter duly qualified; that your petitioner brings this petition in his capacity as such trustee in bankruptcy of said corporation.

"On or about May 27, 1905, said bankrupt corporation caused to be executed and delivered to the respondent, Joseph Hull, a deed of certain real estate and personal property then belonging to and owned by said corporation, and situated in the county of Polk, and state of Florida, to wit:

"The south half and the south half. of the northeast quarter, and the southeast quarter of the northwest quarter of section thirty-four (34) in township twenty-nine (29) south, range twenty-three (23) east, Polk county, Florida; also," etc. (The description of the fixtures is omitted.)

"Said deed was caused by said corporation to be made, executed, and delivered to the respondent as and for security for certain money, at that time advanced, and for money to be thereafter advanced, to said corporation by the respondent.

"As a part of the same transaction, and at or about the same time, to wit, June 9, 1905, the said Joseph Hull and said bankrupt corporation executed and delivered a certain instrument and agreement of defeasance, wherein said Hull agreed to reconvey to the said bankrupt corporation all of the said above-described property upon the payment to the said Hull of certain sums set forth in said instrument. Your petitioner is informed and believes, and therefore avers, that said Hull duly recorded said deed to said property.

"On the 9th day of November, 1905, and for a long time prior thereto said bankrupt corporation was the owner of and in actual and legal possession of said property, both real and personal, and thereafter your petitioner by operation of law became vested with the title to all the property belonging to the bankrupt corporation on the 9th day of November, 1905, and came into legal possession thereof as of the said date. After said date, and after the filing of said petition in bankruptcy, the respondent well knowing all of the aforesaid facts, and that the said property was the property of the said trustee of the aforesaid corporation, on or about December 15, 1905, entered upon said real estate and took possession of said above-described personal property, and now holds the same, both real and personal property, and has refused to deliver or convey the same or any part of it to your petitioner.

"Said deed and instrument of defeasance constitute in law and equity a mortgage, and said property is now the property of your petitioner as such trustee, subject to a lien in favor of the respondent for the amounts loaned and advanced by him to said bankrupt corporation.

"Your petitioner is without information, and therefore cannot aver as to the amount of indebtedness due the respondent upon November 9, 1905, by said bankrupt corporation, for the reason that the amount thereof is entirely within the knowledge of the respondent; but your petitioner is informed and believes, and therefore avers, that the amount of said indebtedness due said Hull by said corporation at said time did not exceed the amount of twenty-five thousand dollars ($25,000).

"Said property is of great value, and is worth a large amount in excess of said indebtedness due said Hull by said corporation.

"Since said Hull took possession of said property on December 15, 1905, he has used and operated it, and mined a large amount of phosphate therefrom. Your petitioner is unable to state the exact amount received by said Hull from said use and operation aforesaid, as your petitioner is unable to obtain an accounting thereof from said Hull. * * *

"Your petitioner is informed and believes and avers that there is danger that said Hull may make a conveyance of said real estate to a bona fide purchaser for value.

"Wherefore your petitioner prays:

"(1) That this honorable court may issue forthwith a preliminary decree restraining and enjoining said Joseph Hull from conveying or transferring said real property until the further order of this court.

"(2) That said deed and instrument of defeasance may be declared to be a mortgage.

"(3) That all of said property, both real and personal, be declared to be the property of your petitioner as such trustee.

"(4) That an accounting may be had of the amount due said Hull by said bankrupt corporation on November 9, 1905; and that a further accounting may be had of the amount received by said Joseph Hull from the operation and use of said property since December 15, 1905; and that this court will determine the amount of the lien now held by said Joseph Hull.

"(5) That said Joseph Hull be ordered forthwith to convey and deliver to your petitioner all of said personal property taken by him from the possession of your petitioner, or to account for the value thereof.

"(6) That your petitioner may be authorized and empowered to sell at private sale all of said property either subject to the lien, if any, of the said Joseph Hull, or free from incumbrances, reserving to the said Joseph Hull the right to be reimbursed out of the proceeds of the sale of the said real estate.

"(7) That due and proper process be issued forthwith out of this honorable court to enforce its decrees and orders.

"(8) For such other and further general relief as to this honorable court seems meet.

"And that a writ of subpœna of the United States of America may issue directed to the said Joseph Hull, commanding him on a certain day to appear and answer to this petition, and to abide by and perform such orders and decrees in the premises as to this honorable court may seem meet and proper."

The petition was signed by petitioner's solicitor, and was duly verified.

The respondent, Joseph Hull, appeared, and filed the following plea to the jurisdiction:

"Now comes the above-named defendant, Joseph Hull, and appearing for the special purpose, and no other until the question herein raised is decided, of objecting to the jurisdiction of this court, doth object to this court entertaining the petition of Arthur E. Burr, as trustee in bankruptcy of the estate of the Port Tampa Phosphate Company, a corporation, against this defendant, or further proceedings thereon, because under the Constitution and laws of the United States a District Court of the United States is precluded from entertaining and adjudging any such matter or controversy as is by said petition set up: and prays judgment whether this court has jurisdiction, and asks to be dismissed with his costs."

The plea was signed by counsel and sworn to.

The court overruled the objection to its jurisdiction, and thereupon Joseph Hull filed his petition in this court to revise and reverse the decree of the District Court, alleging that "under the bankruptcy law of the United States any remedy the said Burr has must be pursued by proceedings at law or in equity in the state or federal court as they may have jurisdiction and otherwise than by summary proceeding in bankruptcy."

H. Bisbee and George C. Bedell, for petitioner.

E. R. Gunby, for respondent.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

SHELBY, Circuit Judge, having made the foregoing statement of the case, delivered the opinion of the court.

1. The sole question to be decided is whether or not the District Court had jurisdiction of the case presented by the petition of the trustee. The question must, of course, be answered by an examination of the relevant parts of the bankruptcy act of 1898. Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]. The second section of the act makes the District Courts of the United States courts of bankruptcy and confers on them jurisdiction. Clauses 3 and 7 of the section are relied on as conferring jurisdiction in this case.

By those subdivisions jurisdiction is conferred to "(3) appoint receivers or the marshals, upon application of parties in interest, in case the courts shall find it absolutely necessary for the preservation of estates to take charge of the property of bankrupts after the filing of the petition and until it is dismissed, or the trustee is qualified * * *"; and to "(7) cause the estates of bankrupts to be collected, reduced to money and distributed, and determine controversies in relation thereto, except as herein otherwise provided." The jurisdiction conferred by the seventh clause is limited by the words "except as herein otherwise provided." These words refer to section 23 of the act, which relates to the jurisdiction of the United States and state courts. We here insert that section, placing in italics the amendment of 1903:

"Sec. 23. (a) The United States Circuit Courts shall have jurisdiction of all controversies at law and in equity, as distinguished from proceedings in bankruptcy, between trustees as such and adverse claimants concerning the property acquired or claimed by the trustees, in the same manner and to the same extent only as though bankruptcy proceedings had not been instituted and such controversies had been between the bankrupts and such adverse claimants.

"(b) Suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant, *except suits for the recovery of property under section sixty, subdivision b, and section sixty-seven, subdivision e.*" 30 Stat. 557, c. 541 [U. S. Comp. St. 1901, p. 3431], amended by Act Feb. 5, 1903, c. 487, § 8, 32 Stat. 797 [U. S. Comp. St. Supp. 1905, p. 686].

Disregarding the amendment for the present, this section, as originally written, confers jurisdiction on the Circuit, not on the District, Courts of all controversies at law and in equity, as distinguished from proceedings in bankruptcy, between trustees and adverse claimants of the bankrupt's property. But this jurisdiction is conferred to the same extent only as the bankruptcy proceedings had not been instituted and such controversies had been between the bankrupt and the adverse claimant. The trustee can sue, in such cases, only in the courts where the bankrupt could have sued if proceedings in bankruptcy had not been instituted. The petitioner who sued in the District Court in the case at bar sued as the trustee in bankruptcy of a Massachusetts corporation. The parts of the act quoted, if we construe the petition as presenting a controversy at law or in equity, as distinguished from a proceeding in bankruptcy, confers jurisdiction on such United States Circuit Courts and state court as would have had jurisdiction of such a suit by the corporation if there had been no bankruptcy proceeding. But the statute does not confer jurisdiction in such cases on a United States District Court, not even when it is the court of adjudication. Bardes v. Hawarden Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175.

The opinion of the Supreme Court in Bardes v. Hawarden Bank, construing the act as it stood before the amendment, seems to us conclusive of the proposition that the court of bankruptcy did not have jurisdiction of the case made by the petition, if the petition presents a controversy at law or in equity within the meaning of section 23 of the act.

Does the amendment of 1903 affect the case at bar? The amendment makes exceptions to the limitation on the jurisdiction of the District Courts, and thereby extends their jurisdiction; but the extension does not include cases like that presented by the petition of the trustee. The amendment confers jurisdiction on the District Courts in "suits for the recovery of property under section sixty, subdivision b, and section sixty-seven, subdivision e." Turning to section 60, we find that subdivision "a" defines a preference, and that subdivision "b" provides that the trustee may sue the person receiving a preference and recover the property or its value. Under the amendment, suit for that purpose may be brought in "any court of bankruptcy." The case at bar involves no question of preference. Examining section 67, subd. "e," we find that it relates to fraudulent conveyances by the bankrupt and conveyances made within four months prior to the time of filing the petition in bankruptcy. The amendment confers jurisdiction on any court of bankruptcy of suits to recover property so conveyed. The petition of the trustee in the case at bar contains no charge of fraud, and the deed and contracts in question were executed more than four months before the beginning of the bankruptcy proceedings. It follows that the amendment quoted has no application to this case. The case, when viewed as a controversy at law or in equity, not being affected by the amendment, must be governed by the principles announced in Bardes v. Hawarden Bank, supra, which denies the jurisdiction of the District Court.

2. The only other part of the act that might be referred to in this connection is section 70, subd. "e." We quote it here, placing the part of it added by the amendment of 1903 in italics:

"(e) The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a bona fide holder for value prior to the date of the adjudication. Such property may be recovered or its value collected from whoever may have received it, except a bona fide holder for value. *For the purpose of such recovery any court of bankruptcy, as hereinbefore defined, and any state court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction.*" 30 Stat. 566, c. 541 [U. S. Comp. St. 1901, p. 3452], amended by Act Feb. 5, 1903, c. 487, § 16, 32 Stat. 800 [U. S. Comp. St. Supp. 1905, p. 690].

Such jurisdiction as is conferred by this language relates to suits by the trustee to "avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided." The petition of the trustee in the instant case does not seek to avoid a transfer. It does not allege that the deed to Hull was made under circumstances that made it voidable at the suit of his creditors. In fact, it is not alleged in the petition that the corporation owed any debts at the date of its transfer to Hull. No charge of fraud against creditors is made. On the contrary, it is alleged that the deed to Hull was based on a large consideration, not less than $25,000. A careful consideration of the trustee's petition convinces us that it was not intended as a suit under section 70e, and that subdivision has not been cited by learned counsel for the trustee as conferring jurisdiction.

But there is another reason why section 70e cannot be relied on as

giving the court below jurisdiction in this case. Subdivision "b" of section 23 provides that trustees shall sue only in the courts where the bankrupt might have brought suit, if proceedings in bankruptcy had not been instituted, "unless by consent of the proposed defendant." This limitation is general in its terms, embracing all suits. Congress, by the amendment of 1903, excepted from this limitation certain suits which may now be brought in the bankruptcy courts without the consent of the defendant. The suits excepted are "suits for the recovery of property, under section 60, subd. "b," and section 67, subd. "e." The statute requiring "the consent of the proposed defendant" stands as enacted, with no other exception than the one named. If the exception had included suits for the recovery of property under section 70, subd. "e," then, clearly, suits under that subdivision could have been brought by the trustee in a court of bankruptcy without the consent of the defendant. It is stated by Collier, in his work on Bankruptcy ([5th Ed.] p. 266), that the amendment was at first so written, but that the Senate Judiciary Committee struck out "and section 70 subdivision e." The act, as it was passed by Congress, leaves suits under that subdivision still subject to the provision of section 23b, requiring the consent of the proposed defendant. Construing section 70e in connection with section 23b, it appears that the former conferred jurisdiction on courts of bankruptcy of suits to avoid transfers of his property made by the bankrupt which any creditor of the bankrupt might have avoided, but that, although jurisdiction of the subject-matter is conferred, it can only be exercised over the persons of the defendants by their consent. The reasons for this conclusion are clearly and ably stated by Judge Adams, in Gregory v. Atkinson (D. C.) 127 Fed. 183, 185.

Even if the trustee's petition was construed as presenting a case under section 70, subd. "e," the court of bankruptcy would not have jurisdiction without the consent of the defendant.

3. But it may be that the trustee's petition is subject to another construction. It is alleged that the bankrupt was, at the date of the bankruptcy proceedings, in possession of the real estate in question, and that the petitioner by operation of law became vested with the title to all the property belonging to the bankrupt corporation, and came into legal possession thereof; and that the defendant, Joseph Hull, after the petitioner's possession and right accrued, took wrongful possession of the property and refused to surrender it. If the petition be construed to be a summary proceeding to obtain the possession of the property—a "proceeding in bankruptcy"—and not a controversy at law or in equity, the question is: Would the District Court then have jurisdiction? Many cases have been cited that bear more or less on this question, and it may be conceded that, placing such construction on the trustee's petition, the District Court of the United States for the Northern District of Florida would have had jurisdiction, if it had been the court of adjudication. But the petition shows that the corporation was adjudicated a bankrupt by a United States District Court in the state of Massachusetts, which has charge of the bankrupt's estate and of its collection, distribution, and settlement. Cases cited by counsel that discuss the jurisdiction of

the court of adjudication that has charge of the collection, distribution, and settlement of the bankrupt's estate, are not responsive to the question raised by this case, and cases construing the bankruptcy acts of 1867 and 1841 are not controlling, because each of those acts contained a provision conferring on the Circuit and District Courts of the United States concurrent jurisdiction of suits at law and in equity between the assignee in bankruptcy and an adverse claimant of the property of the bankrupt. The act of 1898 contains no such provision.

Courts of bankruptcy are created by statute, and they have no jurisdiction except that conferred by statute, either expressly or by implication. The second section of the bankruptcy act of 1898 makes the District Courts courts of bankruptcy, and creates their jurisdiction. There are 19 subdivisions of the section enumerating the powers conferred. The subdivisions 3 and 7, especially relied on by the learned counsel, have already been quoted. The section vests courts of bankruptcy with the jurisdiction described in its 19 subdivisions "within their respective territorial limits as now established, or as may hereafter be changed." There are many cases construing the present statute, so well known that it is useless to cite them, holding that the court which adjudges a person a bankrupt has the power and jurisdiction in summary proceedings to take possession by receivers or marshals of the property of the bankrupt situate and being within the territorial jurisdiction of the court. The circumstances under which this power will be exercised or refused by the court of adjudication need not be discussed here. The question here relates, not to the jurisdiction of a bankruptcy court which has adjudicated a person a bankrupt, but to the jurisdiction of a court of another district which is called on to exercise summary jurisdiction in aid of another court of bankruptcy which made the adjudication and has charge of the bankrupt's estate.

We find no provision of the act which expressly or impliedly makes provision for summary proceedings or for auxiliary or ancillary proceedings in another court of bankruptcy in aid of the bankruptcy court that made the adjudication and has charge of the bankrupt's estate. Congress, of course, could have adopted a scheme by which every District Court would be charged with the collection or administration of the bankrupt's property in aid of or ancillary to the jurisdiction of the court of adjudication, but we find in the act no hint of such intention. On the contrary, the act limits the jurisdiction of the bankruptcy courts, including even the one of adjudication, by providing that suits by the trustee—with the exceptions we have noted—shall only be brought or prosecuted in the courts where the bankrupt whose estate is being administered by such trustee might have brought or prosecuted them if proceedings in bankruptcy had not been instituted.

We are of opinion that the District Court erred in overruling the plea to the jurisdiction.

The trustee is vested by the act with all the rights and title of the bankrupt, as well as with the rights of the bankrupt's creditors, and, when he seeks to enforce rights or to recover property in another district outside of the territorial jurisdiction of the court which appointed him, he stands in the position of those whose rights he has

acquired, and can resort only to the same courts, state or federal, and is confined to the same remedies. In re Williams (D. C.) 120 Fed. 38; In re Williams (D. C.) 123 Fed. 321; In re Von Hartz, 142 Fed. 726, 74 C. C. A. 58; In re Granite City Bank, 137 Fed. 818, 822, 70 C. C. A. 316. This general rule is, of course, subject to the exceptions made by the amendment of 1903, which has been quoted in this opinion and shown not to be applicable to this case.

The petition for revision is allowed, the decree of the court of bankruptcy is reversed, and the petition of the trustee is dismissed.