BOWMAN v. ALPHA FARMS et al.

(District Court, N. D. New York. May 11, 1907.)

BANKRUPTCY—PREFERENCES—VACATION—ACTIONS—JURISDICTION.

> Bankr. Act July 1, 1898, c. 541, § 60b, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445] as amended by Act Cong. Feb. 5, 1903, c. 487, 32 Stat. 799 [U. S. Comp. St. Supp. 1905, p. 689], provides that for the purpose of recovering a preference any court of bankruptcy, as previously defined, and any state court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction. *Held,* that a United States District Court as a court of bankruptcy has jurisdiction either at law or in equity to set aside a preference alleged to have been given after the amendment of the act, without the consent of the creditor alleged to have been preferred.

> [Ed. Note.—Jurisdiction of federal courts in suits relating to bankruptcy, see note to Bailey y. Mosher, 11 C. C. A. 313.]

Welch, Heine & Fall, for plaintiff.
W. B. Matterson, for defendants.

RAY, District Judge. The complaint in this action brought in this court by the trustee in bankruptcy of Frederick H. Tuting against

Alpha Farms and Romelia J. Sawdey, as executrix, etc., of O. Gilbert Sawdey, alleges that Alpha Farms is a domestic corporation of the state of New York, and that during August, 1906, and for a long time prior thereto, had had dealings and business transactions with Frederick H. Tuting, and had sold and delivered to him milk and cream, and that August 31, 1906, said Tuting was owing said Alpha Farms therefor the sum of $2,700; that said Tuting was then owing other creditors various debts aggregating about $8,000, and that said debts remain wholly unpaid, and have been proved in the bankruptcy proceedings hereafter referred to; that between the 1st and 14th days of September, 1906, said Tuting paid over in cash and checks said $2,700 to the agent and manager of said Alpha Farms; that the said money and checks were deposited in the First National Bank of Earlville, N. Y., in the account of O. Gilbert Sawdey, in which said personal account of said Sawdey all deposits of the defendant Alpha Farms were made, and that the account of said Alpha Farms and O. Gilbert Sawdey were thereby unlawfully increased in the sum of $2,700. The death of Sawdey and the proof of his will and the appointment and qualification of his executrix are duly alleged.

The complaint further alleges that at the time of such payments by said Tuting he was insolvent within the true intent and meaning of the bankruptcy act, and that said Alpha Farms had at the time reasonable cause to believe that Tuting was insolvent, and that said payments were intended to and did create a preference in favor of the defendant Alpha Farms, and that the effect of such payments and transfer of money and checks was to secure said Alpha Farms a greater percentage of its debt than that of any other creditor of the same class. The complaint also alleges a demand by the trustee in bankruptcy for said $2,700. The complaint further alleges that September 13, 1906, an involuntary petition in bankruptcy was filed in this district against said Tuting, who thereafter filed a voluntary petition, and that October 22, 1906, said Frederick H. Tuting was duly adjudicated a bankrupt; also, that thereafter, and on the 3d day of December, 1906, the plaintiff, Harold H. Bowman, was duly elected and qualified as trustee of the estate in bankruptcy of said Tuting, and that he entered upon the discharge of his duties as such and now is such trustee.

The defendants demur to this complaint on the ground that this court, the United States District Court of the Northern District of New York, has no jurisdiction of the subject of the action.

These transactions occurred subsequent to the amendments of the bankruptcy act, approved February 5, 1903, and the question involved is: Has the United States District Court jurisdiction of an action brought by the trustee of the estate of the bankrupt to recover a preference paid and given since the amendment referred to?

Subdivision "b" of section 60, as amended, provides as follows:

"(b) If a bankrupt shall have given a preference, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person. And, for the purpose of such recovery, any court of bankruptcy,

as hereinbefore defined, and any State court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction."

It will be noted that the words, "and, for the purpose of such recovery, any court of bankruptcy, as hereinbefore defined, and any State court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction," were added to the subdivision of section 60 by the amendatory act of 1903. This amendment expressly confers jurisdiction upon the court of bankruptcy of an action to recover a preference, unless there is something somewhere in the act which limits the jurisdiction thus conferred. Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445].

Section 23 of the same act reads as follows:

"Sec. 23. Jurisdiction of United States and State Courts.—The United States Circuit Courts shall have jurisdiction of all controversies at law and in equity, as distinguished from proceedings in bankruptcy, between trustees as such and adverse claimants concerning the property acquired or claimed by the trustees, in the same manner and to the same extent only as though bankruptcy proceedings had not been instituted and such controversies had been between the bankrupts and such adverse claimants.

"(b) Suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant, except suits for the recovery of property under section sixty, subdivision 'b,' and section sixty-seven, subdivision 'e.'

"(c) The United States Circuit Courts shall have concurrent jurisdiction with the courts of bankruptcy, within their respective territorial limits, of the offenses enumerated in this act."

By subdivision "b" of section 23 certain actions cannot be brought in the courts of the United States unless by the consent of the proposed defendant. But by the amendment of 1903 to the act and to this section and above referred to, suits for the recovery of property or preferences under subdivision "b" of section 60, and just referred to, are specifically excepted, and hence an action to recover a preference brought under section 60 may be brought and maintained in the court of bankruptcy, the District Court, without the consent of the proposed defendant.

The cases decided prior to the amendment and the decided cases relating to causes of action which arose prior to the amendment have no application. In Gregory v. Atkinson (D. C.) 127 Fed. 183, Judge Adams held that by the amendment Congress conferred jurisdiction on the District Court without the consent of the proposed defendant in cases for the recovery of preferential payments mentioned in section 60, subd. "b," and to set aside fraudulent conveyances mentioned in section 67, subd. "e," provided the payments or conveyances were made within the four months prior to the filing of the petition. He says, "In all other cases I think the law is left as it was prior to the amendatory act." In Parker v. Black (D. C.) 143 Fed. 560, Judge Hazel held that the District Court had jurisdiction since the amendment of an action to recover a voidable preference. I think these cases well decided, and that the District Court now has jurisdiction. As the District Court is a court of equity, the action may be brought either at law or in equity as the facts justify. This demurrer does not raise

the question whether the facts here alleged constitute an action at law. That question will not be considered. The money seems to be, under the allegations of the complaint, in the bank account of O. G. Sawdey, where all the moneys of Alpha Farms were kept. The action is not brought to reach the specific fund. The action is not brought for an accounting. There is no allegation that the estate of Sawdey claims the money, or that it has appropriated it to its own use. The executrix may be a proper party, but, without deciding the question, I hardly see how judgment can go against the estate on the ground that it acts as custodian of the fund. These are matters that will come up later.

As stated, I think this court has jurisdiction of the action, and for that reason the demurrer must be overruled.