PALMER v. ROGINSKY et al.

(District Court, S. D. New York. January 12, 1910.)

BANKRUPTCY (§ 293*) — SUITS BY TRUSTEE — JURISDICTION OF BANKRUPTCY COURT.

Under Bankr. Act July 1, 1898, c. 541, § 23b, 30 Stat. 552 (U. S. Comp. St. 1901. p. 3431) as amended by Act Feb. 5, 1903, c. 487, § 8, 32 Stat. 798 (U. S. Comp. St. Supp. 1909, p. 1312), which vests courts of bankruptcy with jurisdiction of suits by a trustee only when brought for the recovery of property under certain provisions of the act, unless by consent of the defendant, such court is without jurisdiction of a suit brought under section 70e to set aside a transfer of property as fraudulent under the state law, unless the defendant consents.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 293.*]

In Equity. Suit by Archibald Palmer, trustee in bankruptcy of Pincus Roginsky, against Abraham Roginsky and another. On motion for preliminary injunction. Denied.

H. & J. J. Lesser, for complainant.
Herman I. Lurie, for defendants.

HAND, District Judge. This case raises the question of the jurisdiction of this court, regardless of the defendant's consent, over a suit by a trustee in bankruptcy against a fraudulent transferee of property of the bankrupt, when the right depends upon the state law, and not the act of 1898 (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]). The amendments of 1903 (Act Feb. 5, 1903, c. 487, 32 Stat. 797 [U. S. Comp. St. Supp. 1909, p. 1308]), as they passed the House of Representatives, gave jurisdiction in the case of transfers fraudulent under either the act of Congress or the state law; but the Senate changed section 23b by striking out the jurisdiction in the cases under section 70e, which permits the trustee to recover property fraudulently conveyed under the state law.

Of course, I cannot say just what scruple induced the Senate to change the form of section 23b, nor is it in the least necessary that I should know, because I think that their intent was clear to limit the jurisdiction of this court to cases in which the right relied upon was the creation of the bankruptcy act. Were it not for the fact that the jurisdiction, which remained under section 70e if the defendant consented, cannot be conferred by consent if the Constitution did not authorize it, one might suppose that some constitutional question had arisen in the mind of Congress. In any case I am disposed to follow Gregory v. Atkinson (D. C.) 127 Fed. 183, Hull v. Burr, 153 Fed. 945, 83 C. C. A. 61, and Skewis v. Barthell (D. C.) 152 Fed. 534.

Hurley v. Devlin (D. C.) 148 Fed. 268, and the text of Remington on Bankruptcy, p. 1040, § 1689, a writer of the highest authority, take the opposite view. The argument made would have undoubtedly much force, were it not for the history of this bill. It is quite true that under the construction I have adopted the amendment of 1903 to section 70e really effects no change in the law, and this result violates

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a well-known canon of construction. However, no one could say, if section 70e had remained unchanged, that the changes in 23b, particularly after the Senate struck out all reference to 70e, left unaffected the jurisdiction of this court by consent. Section 23b having been changed, and singularly changed from any point of view, it is not quite adequate to the facts to say that no change was necessary in section 70e. I think that some change was necessary to remove all ambiguity as to the jurisdiction by consent over cases arising under 70e, and I believe that this was the reason why the Senate allowed this section to be changed in form, though it remained in effect as before.

Therefore I must deny this motion for an injunction pendente lite upon the theory that this court has no jurisdiction of the cause.