### SHEPPARD v. LINCOLN.

(District Court, S. D. New York. May 13, 1910. On Rehearing, May 31, 1910.)

1. BANKRUPTCY (§ 293*)—SUIT BY TRUSTEE—BANKRUPTCY COURT—JURISDICTION.

Bankr. Act July 1, 1898, c. 541, § 23b, 30 Stat. 552 (U. S. Comp. St. 1901, p. 3431), as amended by Act Feb. 5, 1903, c. 487, § 8, 32 Stat. 798 (U. S. Comp. St. Supp. 1909, p. 1312), vesting the bankruptcy court with jurisdiction of suits by a trustee for the recovery of property under certain provisions of the act only unless by consent of the defendant, did not confer jurisdiction on the bankruptcy court of a suit by a trustee, under section 70e, authorizing a trustee to sue to set aside fraudulent conveyances of the bankrupt's property under the state law, except by the defendant's consent.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 293.*

Jurisdiction of federal courts in suits relating to bankruptcy, see note to Bailey v. Mosher, 11 C. C. A. 313.]

2. APPEARANCE (§ 19*)—OBJECTIONS TO JURISDICTION—WAIVER.

A general appearance of a defendant, and the filing of a demurrer on grounds going to the merits, as well as to the jurisdiction of the court, waives the objection that the court was without jurisdiction of defendant's person.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 79–90; Dec. Dig. § 19.*]

3. BANKRUPTCY (§ 293*)—ACTION BY TRUSTEE—BANKRUPTCY COURT—OBJECTION TO JURISDICTION—WAIVER.

Where a bankrupt's trustee brought suit in the bankruptcy court to set aside an alleged fraudulent conveyance, as authorized by Bankr. Act July 1, 1898, c. 541, § 70e, 30 Stat. 566 (U. S. Comp. St. 1901, p. 3452), without obtaining defendant's consent, which was essential to the jurisdiction of such court, but the defendant appeared generally and demurred on a ground going to the merits, and also because of alleged want of jurisdiction, he thereby consented to the jurisdiction of the court.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 293.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by John S. Sheppard, Jr., as trustee in bankruptcy, etc., against Arthur W. Lincoln. On defendant's demurrer to the declaration. Overruled, and reargument denied.

Kellogg & Rose, for complainant.

Hawkins, Delafield & Longfellow and Philip K. Walcott, for defendant.

HAZEL, District Judge. This action is brought to set aside as fraudulent a certain transfer of property to the defendant, under and pursuant to section 70, subd. "e" of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 566 [U. S. Comp. St. 1901, p. 3452]). The defendant has demurred to the complaint on the ground, inter alia, that the court has no jurisdiction of the action without the consent of the defendant. The question submitted has recently been passed upon and decided by Judge Hand, in Palmer v. Roginsky (D. C.) 175 Fed. 883, and I feel constrained to follow his decision. He substantially held that, in an action brought under section 70, subd. "e" of the bankrupt act, to set aside a conveyance of property as fraudulent under the laws of the state of New York, a court of bankruptcy is without jurisdiction unless the consent of the defendant has first been obtained. He disagreed with the holding of Hurley v. Devlin (D. C.) 149 Fed. 268, where it is expressly held that the amendment of 1903 confers jurisdiction upon a court of bankruptcy, without the consent of the defendant, of all actions specified in section 70, subd. "e," and, although appreciating that the construction which he gave to section 70e resulted in effecting no change in the law as it stood prior to the amendment, yet he believed that section 23b clearly indicated that it was the intention of Congress that actions brought in the bankruptcy court under section 70e should be by consent of the defendant, and not otherwise. In Harris, as Trustee, v. First National Bank, 23 Am. Bankr. Rep. 632, 216 U. S. 382, 30 Sup. Ct. 296, 54 L. Ed. 528, the Supreme Court of the United States took notice of the fact that in section 23, specifying the cases wherein the federal courts have jurisdiction, section 70e is not mentioned. The Supreme Court, however, did not deem it necessary in that case to decide whether an action such as this may be brought in this court without the consent of the defendant, and the question is therefore still an open one. The weight of authority, however, seems to favor the view adopted by Judge Hand.

In the present case, however, it is shown that the defendant has appeared generally and demurred to the complaint on different grounds—i. e., to the merits and to the jurisdiction—and therefore I think he has submitted himself to the jurisdiction of the court. The rule is that, by appearing generally and demurring on grounds going to the merits as well as to the jurisdiction of the court, a defendant waives the objection that the court is without jurisdiction of the person of the defendant. Western Loan & Savings Co. v. Butte & Boston Consolidated Mining Co., 210 U. S. 368, 28 Sup. Ct. 720, 52 L. Ed. 1101; Westinghouse Air Brake Co. v. Christensen Engineering Co. (C. C.) 126 Fed. 764; Ryttenberg v. Schefer (D. C.) 131 Fed. 313; Iowa Lillooet Gold Mining Co. v. Bliss (C. C.) 144 Fed. 446.

True, in Bardes v. Hawarden Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175, the objection that the court was without jurisdiction was raised by demurrer; but it does not appear from a reading of the case that a general appearance had previously been entered, and, moreover, there was no objection to the court considering the point on demurrer.

The demurrer is overruled, with costs.

## On Rehearing.

On further consideration, I adhere to my original views that the question of jurisdiction herein is of the person, and not of the subject-matter, and therefore the defendant, by his general appearance and demurrer on jurisdictional grounds and to the merits, must be regarded as having consented to the trial of the controversy in this forum. In Re Michie (D. C.) 116 Fed. 749, cited by the attorneys for the defendant, there was interposed, first a paper challenging the jurisdiction of the court and denying that the petition contained facts sufficient to constitute a cause of action, and next an answer on the merits. On review of the decision of the referee, the court held that the respondent did not consent to the jurisdiction. But nevertheless the weight of authority, as cited in my main opinion, seems to favor interpreting a general appearance and demurrer such as interposed herein as consenting to the jurisdiction.

The reargument requested is denied.