## PARKER v. SHERMAN.

(District Court, D. Vermont. March 27, 1912.)

BANKRUPTCY (§ 293*)—SUITS BY TRUSTEE—JURISDICTION OF BANKRUPTCY COURT.

 Under Bankr. Act July 1, 1898, c. 541, § 23b, 30 Stat. 552 (U. S. Comp. St. 1901, p. 3431), as amended by Act June 25, 1910, c. 412, § 7, 36 Stat. 840, which provides that suits by trustees shall only be brought in courts where the bankrupt might have brought or prosecuted them, unless by consent of the defendant "except suits for the recovery of property under * * * section 70, subdivision e," a suit to avoid a transfer of property under the latter section, as amended by Act Feb. 5, 1903, c. 487, § 16, 32 Stat. 800 (U. S. Comp. St. Supp. 1909, p. 1316), which gives courts of bankruptcy and state courts concurrent jurisdiction thereunder, may be maintained by a trustee in a court of bankruptcy in another state against a defendant residing therein without his consent.

 [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 411, 417; Dec. Dig. § 293.*

 Jurisdiction of federal courts in suits relating to bankruptcy, see note to Bailey v. Mosher, 11 C. C. A. 313.]

In Equity. Suit by Nathaniel W. Parker, trustee in bankruptcy of the estate of Hugh Owens, against D. Clarence Sherman. On motion by defendant to dismiss. Overruled.

S. E. Everts, for trustee.
T. W. Moloney, for defendant.

MARTIN, District Judge. This is a bill in equity. The complainant is the trustee of the bankrupt estate of Hugh Owens. Both are residents of Granville, in the county of Washington, and state of New York. The defendant is a resident of Poultney, in the county of Rutland, and state of Vermont.

The complainant avers that the bankrupt transferred a store of goods to the defendant to hinder, delay, and defraud the creditors of said bankrupt; that the defendant took possession of said property, and was not a bona fide holder of said property for value, and makes other averments whereby, if true, any creditor of the bankrupt might avoid said transfer by due process of law. The defendant has filed

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a motion to dismiss, alleging, in substance, that the complainant is without authority to institute proceedings in the district of Vermont, and that this court is without jurisdiction. It was urged by the defendant on hearing that a trustee should have been appointed under ancillary proceedings in the district of Vermont to give this court jurisdiction.

Section 70e of the act of Congress establishing courts of bankruptcy as amended reads:

"The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a bona fide holder for value prior to the date of the adjudication. Such property may be recovered or its value collected from whoever may have received it, except a bona fide holder for value. For the purpose of such recovery any court of bankruptcy as hereinbefore defined, and any state court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction."

Section 23, subd. "b," provides:

"Suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant, except suits for the recovery of property under section 60, subdivision b, and section 67, subdivision e."

Section 60, subd. "b," provides for the recovery of preferences given by the bankrupt.

Section 67e provides for the recovery of conveyances, transfers, assignments, or incumbrances of the property of the bankrupt, and for the purpose of such recovery any court of bankruptcy or any state court which would have had jurisdiction if bankruptcy had not intervened shall have concurrent jurisdiction. Prior to the amendment of June 25, 1910, it was a mooted question whether a proceeding like this could prevail, most of the cases on that question holding that bankruptcy courts other than that of primary jurisdiction could not afford relief for the transfer of property by the bankrupt.

In the case of Palmer, Trustee, etc., v. Roginsky (D. C.) 23 Am. Bankr. Rep. 358, 175 Fed. 883, Judge Hand held, construing the amendments of 1903 to sections 70e and 23b, the bankruptcy court has no jurisdiction of a suit brought by a trustee in bankruptcy to set aside an alleged fraudulent transfer of property by the bankrupt where the right of action depends upon the state law and not upon the bankruptcy act without consent of the defendant. He arrives at that conclusion by a discussion of the history of the amendment of 1903. He states that the Senate changed the proposed amendment of the House to section 23b by striking out all reference to 70e. He cites cases both ways on that subject. All the cases cited and this decision of Judge Hand were prior to Act June 25, 1910, c. 412, § 7, 36 Stat. 840. Section 23b was amended by that act so as to enlarge the jurisdiction of the bankruptcy court to entertain suits under section 70e without the consent of the defendant. That amendment reads as follows:

"Suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant, except suits for the recovery of property under section sixty, subdivision b; section sixty-seven, subdivision e; and section seventy, subdivision e."

This amendment brings into the law what the Senate struck out in the amendment of 1903 and clearly covers the case at bar.

The motion to dismiss is overruled.