### HURLEY et al. v. DEVLIN.

(District Court, D. Kansas, First Division.  November 24, 1906.)

#### No. 937.

BANKRUPTCY—SUITS BY TRUSTEE—JURISDICTION OF COURTS OF BANKRUPTCY.

Bankr. Act July 1, 1898, c. 541, § 70e, 30 Stat. 566 [U. S. Comp. St. 1901, p. 3452], as amended in 1903 (Act Feb. 5, 1903, c. 487, § 16, 32 Stat. 800 [U. S. Comp. St. Supp. 1905, p. 690]) by the addition of the provision that "for the purpose of such recovery any court of bankruptcy, as hereinbefore defined, and any state court which would have had jurisdiction if bankruptcy had not intervened shall have concurrent jurisdiction," gives a court of bankruptcy jurisdiction of a suit brought by a trustee thereunder to set aside an alleged fraudulent transfer of property. made more than four months prior to the bankruptcy, both as to subject-matter and as to parties, without the consent of defendant, notwithstanding the fact that such a suit is not one of those expressly excepted by amended section 23b, 32 Stat. 798 [U. S. Comp. St. Supp. 1905, p. 686], from the general provision therein made that suits by a trustee, unless by consent of the defendant, can only be brought in the courts where they might have been brought by the bankrupt if bankruptcy had not intervened.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 411; jurisdiction of federal courts in suits relating to bankruptcy, see Bailey v. Mosher, 11 C. C. A. 313.]

In Equity.  On plea to the jurisdiction of the court.

A. A. Hurd and J. S. Dean, for complainants.

Harkless, Crysler & Histed and D. R. Hite, for defendant.

POLLOCK, District Judge.  There is but one question raised by the plea for decision.  It arises in this manner:  Subdivision "b" of

section 23 of the National Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3431]), as amended by Act Feb. 5, 1903, c. 487, § 8, 32 Stat. 798 [U. S. Comp. St. Supp. 1905, p. 686], provides:

"Suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant, *except suits for the recovery of property under section sixty, subdivision b, and section sixty-seven, subdivision e.*"

Subdivision "b" of section 60 (30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]), as amended (32 Stat. 799, § 13b [U. S. Comp. St. Supp. 1905, p. 689]), provides:

"If a bankrupt shall have given a preference, and the person receiving it, or to be benefited thereby, or his agent acting therein shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person. *And, for the purpose of such recovery, any court of bankruptcy, as hereinbefore defined, and any State court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction.*"

Subdivision "e" of section 67 (30 Stat. 564 [U. S. Comp. St. 1901, p. 3449]), as amended (32 Stat. 800, § 16 [U. S. Comp. St. Supp. 1905, p. 690]), provides:

"That all conveyances, transfers, assignments, or incumbrances of his property, or any part thereof, made or given by a person adjudged a bankrupt under the provisions of this act subsequent to the passage of this act and within four months prior to the filing of the petition, with the intent and purpose on his part to hinder, delay, or defraud his creditors, or any of them, shall be null and void as against the creditors, of such debtor, except as to purchasers in good faith and for a present fair consideration; and all property of the debtor conveyed, transferred, assigned, or encumbered as aforesaid shall, if he be adjudged a bankrupt, and the same is not exempt from execution and liability for debts by the law of his domicile, be and remain a part of the assets and estate of the bankrupt and shall pass to his said trustee, whose duty it shall be to recover and reclaim the same by legal proceedings or otherwise for the benefit of the creditors. And all conveyances, transfers, or incumbrances of his property made by a debtor at any time within four months prior to the filing of the petition against him, and while insolvent, which are held null and void as against the creditors of such debtor by the laws of the state, territory, or district in which such property is situate, shall be deemed null and void under this Act against the creditors of such debtor if he be adjudged a bankrupt, and such property shall pass to the assignee and be by him reclaimed and recovered for the benefit of the creditors of the bankrupt. *For the purpose of such recovery any court of bankruptcy as hereinbefore defined, and any State court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction.*"

Subdivision "e" of section 70 (30 Stat. 566 [U. S. Comp. St. 1901, p. 3452]), as amended (32 Stat. 800, § 16 [U. S. Comp. St. Supp. 1905, p. 690]), provides:

"The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a bona fide holder for value prior to the date of the adjudication. Such property may be recovered or its value collected from whoever may have received it, except a bona fide holder for value. *For the pur-*

*pose of such recovery any court of bankruptcy as hereinbefore defined, and any State court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction."*

In each of the subdivisions above quoted the italicized words were added by the amendments made to the act on February 5, 1903, in changing and fixing the jurisdiction of the District Courts of the United States over suits brought by trustees against third parties.

This is a suit brought by the trustees of a bankrupt estate in this court to recover property transferred to defendant, the wife of the bankrupt. She is, and was at the date of the commencement of this suit, a citizen of the state, domiciled here. The conveyances by which the legal title to the property in question passed from the bankrupt and vested in the defendant were made much more than four months prior to the institution of the bankruptcy proceedings in this court against the husband of defendant. It is claimed by complainants these conveyances were made without consideration, and for the purpose of hindering, delaying, and defrauding the creditors of the bankrupt. No question of preference is involved. Hence, it is clear the suit cannot be maintained under the provisions of subdivision "b" of section 60, or subdivision "e" of section 67 of the act above quoted, and can only be maintained in this court, if at all, under authority conferred by subdivision "e" of section 70 as amended, above quoted.

Defendant has not consented to the institution or maintenance of this suit in this court, and for want of such consent files her plea challenging the jurisdiction of the court over her. The question is: Can this suit be maintained in this court without her consent? That this court has full and complete jurisdiction of the subject-matter of the suit, under subdivision "e" of section 70, as amended, must be conceded; but does this court have jurisdiction of the person of defendant against her consent is the disputed point. The Supreme Court in Bardes v. Hawarden Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175, forever settled the question that subdivision "b" of section 23 of the original act precluded the District Courts of the United States from entertaining jurisdiction of suits brought by trustees of bankrupt estates to recover or collect debts due from third parties, or to set aside transfers of property to third parties alleged to be fraudulent as against creditors, or to recover voidable preferences without the consent of the proposed defendant. The necessary effect of this holding was on a case like this, in the absence of the requisite facts essential to confer jurisdiction on the Circuit Courts of the United States and failing to obtain the consent of the defendant to the institution and maintenance of the suit in this court under the original act, resort must have been had by the trustees for the purpose of such recovery to the appropriate state tribunal where the appearance of the defendant could have been compelled against her will. Subsequent to this decision, and it is thought at least in some measure to strengthen the act, and to enlarge the jurisdiction of the District Courts of the United States over the persons of defendants in such plenary suits as above mentioned, Congress amended the act on February 5, 1903. From the subdivisions of the several sections above quoted, as indicated by the italicized parts, it is clear there can be no longer any controversy over the right of trustees in

bankruptcy to bring and maintain in the federal District Court suits to set aside and recover preferences voidable under the provisions of subdivision "b" of section 60 of the act, or to set aside conveyances fraudulent under the provisions of subdivision "e" of section 67 of the act, and recover the property thereby conveyed without the consent of the defendant to the proposed suit; for such jurisdiction and power is not only expressly conferred by the amendments made to the subdivisions quoted, but the operation of such subdivisions are expressly excepted from the general terms of subdivision "b" of section 23 of the act as amended.

Although the identical language employed in extending the jurisdiction of the federal District Courts over the classes of cases embraced in subdivision "b" of section 60 and subdivision "e" of section 67 of the act as amended without consent of the defendant is employed in the amendment to subdivision "e" of section 70, yet the lawmaking power, either through accident or design, failed to except the operation of that subdivision from the general terms of subdivision "b" of section 23 of the act. The ultimate question, therefore, is: What is the effect of the amendments so made? Do they preclude this court from entertaining jurisdiction of this suit? That is, from compelling the appearance of the defendant to this suit in this court without her consent. This identical question received the consideration of the distinguished district judge for the Eastern district of Missouri in Gregory v. Atkinson (D. C.) 127 Fed. 183, in which case the jurisdiction of the court was denied, the reasoning there employed being that the whole act must be so construed as to give effect, if possible, to each of its parts, and as the Congress has had the whole act under consideration when engaged in the determination of what amendments should be made thereto, and as it expressly excepted the provisions of subdivision "b" of section 60 and subdivision "e" of section 67 from the operation of the general provisions of subdivision "b" of section 23 of the act, and did not except subdivision "e" of section 70, under which this suit is brought, therefore that subdivision, as amended, should be so construed as to confer full jurisdiction on this court over the subject-matter of this suit, to be exercised, however, only on consent to jurisdiction of the person of the defendant being given by her. This is also the argument employed by solicitors for defendant in support of her plea.

I fully recognize the rule of construction which requires an act to be considered as an entirety, complete in all its parts, so that, if possible, effect may be given to each of its separate sections or parts. I also recognize the force of the argument made in support of the construction claimed, but from a careful study of the original act, the amendments made thereto, and the decision of the Supreme Court which led to the adoption by Congress of the amendments made I must decline to accept the views stated; and for these reasons:

First. This construction would amount to the absolute nullification of the amendment made to subdivision "e" of section 70 of the act now under consideration, and leave it standing precisely as it did prior to the attempted amendment, for it cannot be doubted this suit might, with the consent of the defendant, have been brought and prosecuted

in this court before the act was amended. This was the identical question submitted to and settled by the Supreme Court in Bardes v. Hawarden Bank, supra. Hence it should not be thought the Congress intended to do an entirely useless thing in its attempt to amend the subdivision of section 70 in question (Conger v. Kennedy, 26 Can. Sup. Ct. 404), and such conclusion does violence to the very rule of construction for which defendant's solicitors contend with so much insistence.

Again, the language of the amendment is, "For the purpose of such recovery." The language is not for the purpose of jurisdiction over the subject-matter of the suit or action, for that, as has been seen, by consent of defendant, the court already possessed prior to the amendment, but it is for the purpose of such recovery. Before any "recovery" may be had, as that word is here employed, there must be jurisdiction, not only over the subject-matter of the suit, but as well over the person of the defendant. Full, complete, and absolute jurisdiction over both the persons to and subject-matter of a suit must precede the right to a recovery.

Again, the defendant resides in this state and county, and may be served with compulsory process directed from the District Court of this state sitting within this county, and she might, if the complainants had brought this suit in that court, have been compelled to litigate with complainants the issues raised by their bill of complaint in such court of this state regardless of her consent and in the face of her fiercest opposition. Prior to the amendment complainants would have been compelled to resort to that forum; the defendant not consenting to this court entertaining jurisdiction over her person and her cause. This is also the precise effect of the ruling of the Supreme Court in Bardes v. Hawarden Bank, supra. But the further language of the amendment is:

"This court [in such a suit as this] for the purpose of such recovery * * * shall have concurrent jurisdiction [with] any state court which would have had jurisdiction if bankruptcy had not intervened."

That the state court has full, complete, and ample jurisdiction over the persons and subject-matter of this suit, if brought therein by complainants, without consent of defendant, is not disputed, cannot and will not be denied, because it would have had jurisdiction if bankruptcy had not intervened. This court, under the amendment made, has concurrent; that is, the like or the same full, complete, absolute, compulsory jurisdiction possessed by the state court for the purpose of the recovery sought by complainants in this court. This is the express language of the amendment. It is the latest expression of the legislative will. Later under the rules governing the construction of statutes than that employed in the amendment to subdivision "b" of section 23, because later in point of time; consideration being had to the manner of adopting and amending legislative acts. The provisions of this subdivision of section 70, it is true, is not expressly excepted from the operation of the general provisions found in subdivision "b" of section 23 of the act, but, in my judgment, it is excepted by such necessary implication as to render the construction here given absolutely imperative.

Again, if further reason for the holding here made should be thought necessary, I might add the language found in section 23 is general in its nature, and is intended to apply to all classes of cases not excepted from its operation. The language employed in the amendment to subdivision "e" of section 70, under consideration, is special, and applies to a particular class of cases therein comprehended. It is a well-settled rule of construction of statutes that the general provisions of an act, when in conflict with special or particular provisions, must yield, and the special or particular provisions prevail.

For these and other obvious reasons which might be urged, I am of the opinion the clear, positive, and unambiguous language employed in the amendment to subdivision "e" of section 70 of the act should stand and be given effect by the courts, although not excepted in express terms from the operation of the general provisions of subdivision "b" of section 23 of the act.

It follows the plea to the jurisdiction of this court must be overruled, and it is so ordered.