TEAGUE v. ANDERSON HARDWARE CO. et al.

(District Court, N. D. Georgia. April 10, 1908.)

No. 7.

1. BANKRUPTCY—COURTS—JURISDICTION—FRAUDULENT TRANSFERS—VACATION.
   A federal District Court of another district than that in which a bankruptcy proceeding is pending may entertain a suit by the bankrupt's trustee to set aside an alleged fraudulent transfer by the bankrupt to parties residing in the district where the suit was brought.

2. SAME—BILL—REQUISITES.
   On an issue in bankruptcy as to the priority of a mortgage lien, the bill should allege the names of all the creditors of the bankrupt other than the mortgagee, the amounts of their debts, the character of the same, and when created.

In Equity.

Fred S. Ball and King, Spalding & Little, for complainant.
McDaniel, Alston & Black, for defendants.

NEWMAN, District Judge. This is a plenary suit in equity, brought by a trustee in bankruptcy appointed in a case pending in the United States District Court for the Middle District of Alabama. He sues to recover on a bond which was to stand in lieu of certain property in controversy in the bankruptcy court in Alabama, and the case is now before this court on demurrer.

The question at the threshold of the case is whether or not the court in this district has jurisdiction. While I was very doubtful on this question during the argument, the more I have considered it and the more I have examined it, the better I am satisfied that the court in this district has jurisdiction of the case. The only direct authority on this question is the case, decided by Judge Archbald in the District Court for the Middle District of Pennsylvania, of Lawrence v. Lowrie et al., 133 Fed. 995. The second headnote of the case states the conclusion there reached favorable to the jurisdiction of the District Court of another district as follows:

"Under Act Feb. 5, 1903, c. 487, § 16, 32 Stat. 800 (U. S. Comp. St. Supp 1907, p. 1032), amending Bankr. Act July 1, 1898, c. 541, § 70, 30 Stat. 565 (U. S. Comp. St. 1901, p. 3451), and conferring jurisdiction on courts of bankruptcy to set aside fraudulent transfers of the bankrupt, the District Court of another district than that in which the bankruptcy proceedings are pending may entertain a suit to set aside a fraudulent transfer by the bankrupt to parties residing in such other district."

I do not think that Hull v. Burr, 153 Fed. 945, 83 C. C. A. 61, decided by the Circuit Court of Appeals for this circuit, is authority either way on this question.

Retaining jurisdiction of the case, the next question presented is whether or not the mortgage lien claimed by the defendant company was lost by reason of the bankruptcy of W. S. Street. The mortgage was executed on May 13, 1904, by Street to the Anderson Hardware Company for an existing debt. The mortgage was not recorded until December 22, 1904. On December 26, 1904, Street filed a voluntary petition in bankruptcy. One ground of demurrer on which the bill is now being heard is as follows:

"That the said trustee under said bond has no right to file suit, except on behalf of the creditors of the said Street other than the said Anderson Hardware Company. And in order to file said suit the said trustee can maintain the same, if at all, only by showing what is the amount due to each creditor, and the amount realized from the sale of the said stock of goods, or the value of the same, and the amount of all of the debts due by said W. S. Street."

It is impossible to determine satisfactorily whether the lien of this mortgage was effective and operative before its record, under the law of Alabama or under the general law so far as applicable, without knowing the dates when the debts of general creditors other than the Anderson Hardware Company were created, and probably, also, the character and amount of the debts. The allegation in the bill on this subject is as follows:

"Orator further shows that a large part of the indebtedness of said Street to creditors who have proven their said claims was created subsequent to the date of said mortgage, and all of said indebtedness was created prior to the filing of said mortgage for record."

On this question, under all the authorities, the rights, if any, of general creditors, as against the holder of an unrecorded mortgage, which would be good against the mortgagor, are different in this respect. Debts created after the mortgage was given, and upon the faith of the mortgagor's property being unincumbered, have greater rights than debts in existence at the time the mortgage was made. I think the defendant is entitled to have, and also the court, that it may intelligently pass upon the questions involved, as a part of this bill, the names of all creditors of the bankrupt other than the Anderson Hardware Company, the amounts of their debts, the character of same, and when created.

As this ground of demurrer is good, it is unnecessary to pass upon the other questions in the case until this defect is cured. If the complainant desires to amend in this respect, he may do so in 20 days from this date, and on failure to do so the demurrer on the ground stated will be sustained, and the bill dismissed.