RODGERS v. BANKERS' COMMERCIAL CO., Inc.

No. 37879.

District Court, N. D. Illinois, E. D. July 28, 1930.

Musgrave, Oppenheim & Price, of Chicago, Ill., for plaintiff.

Cooke, Sullivan & Ricks, of Chicago, Ill., for defendant.

WOODWARD, District Judge.

The sole question presented is that of the jurisdiction of the District Court of the

United States for the Northern District of Illinois to entertain this suit.

The question is presented in the following manner: A trustee in bankruptcy appointed by the District Court of the United States, for the District of Minnesota, Fourth Division, for a bankrupt residing in Minnesota, brings his action at law against the defendant, a corporation created under the laws of the state of New York, which maintains an office in the city of Chicago, Cook county, Ill., and whose vice president was served with process in this district. The suit is grounded on section 60b of the Bankruptcy Act of 1898, as amended (11 USCA § 96, subd. b), to recover the value of certain pianos, which it is alleged the bankrupt, within four months before the filing of the petition in bankruptcy, preferentially transferred to the defendant.

To the declaration the defendant has filed a plea to the effect that the defendant is a corporation organized under the laws of New York and is a resident and an inhabitant of that state, and concluding that the District Court of the United States, for the Southern District of New York, and not the District Court of Illinois, has jurisdiction of this cause. To this plea plaintiff demurs.

Whether or not this court has jurisdiction depends upon the construction to be given various sections of the bankruptcy act. Section 23b of the Bankruptcy Act, as originally enacted in 1898 (30 Stat. 552), provided as follows: "b Suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant."

As originally enacted plenary suits by a trustee could not be maintained in the District Courts unless by the consent of the defendant. Jurisdiction of the subject-matter of such courts was conferred by this section, but there could be no jurisdiction of the person without consent. The policy permeating the act, as originally enacted, so far as plenary suits by trustees is concerned, was to remit the trustee to an action in the state courts. In the case of Bardes v. Bank, 178 U. S. 524, 20 S. Ct. 1000, 1006, 44 L. Ed. 1175, the court say: "One object in inserting this clause [unless by consent of the proposing defendant] in the act may well have been to leave such controversies to be tried and determined, for the most part, in the local courts of the state, to the greater economy and convenience of litigants and witnesses."

Section 60b, as originally enacted (30 Stat. 562), was in harmony with section 23b.

Both section 23b and section 60b were amended by Act Feb. 5, 1903, §§ 8, 13 (32 Stat. 798, 799 [11 USCA § 46, subd. b, and § 96, subd. b]) in important and significant particulars. Section 23(b) was amended by adding at the end thereof the words: "Except suits for the recovery of property under section 60, subdivision (b) and section 67, subdivision (e)."

Section 60b authorized the trustee to recover the property, or its value, from a person to whom the bankrupt had given a voidable preference, and, by the amendment of 1903, the following was added: "And, for the purpose of such recovery, any court of bankruptcy, as hereinbefore defined, and any State court, which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction."

It is now held that courts of bankruptcy have jurisdiction concurrent with state courts of plenary proceedings at law or in equity, brought by a trustee in bankruptcy to set aside unlawful preferences or fraudulent transfers made within four months preceding the filing of the petition in bankruptcy. This jurisdiction does not depend either upon diversity of citizenship, the amount involved, or upon the consent of the defendant.

In the case of Collett v. Adams, 249 U. S. 545, on page 549, 39 S. Ct. 372, 374, 63 L. Ed. 764, the court say, after referring to the amendments of section 23b and section 60b of the Bankruptcy Act: "The amendments are couched in plain words and effect a material change in the jurisdiction of suits by trustees to avoid preferential transfers and recover the property or its value under section 60b. The exception ingrafted on section 23b takes such suits out of the restrictive provisions of that section; the sentence added to section 60b makes them cognizable in the courts of bankruptcy, as well as in such state courts as could have entertained them if bankruptcy had not intervened; and the new clause in section 2 [11 USCA § 11] dispels any doubt that otherwise might exist respecting the power of a court of bankruptcy other than the one in which the bankruptcy proceeding is pending to entertain such a suit where the prop-

erty sought to be recovered is within its territorial limits." To the same effect is the case of Flanders v. Coleman, 250 U. S. 223, 39 S. Ct. 472, 63 L. Ed. 948.

It will be observed that by the amendment of section 60b "any court of bankruptcy" has concurrent jurisdiction with any state court which would have had jurisdiction had bankruptcy not intervened. As pointed out in the case of Lawrence v. Lowrie (D. C.) 133 F. 995, 996, this language can be given full force and effect only "by giving the trustee the choice, where he goes out of the district of his appointment, of resorting either to the state court which would have been competent to dispose of the case, or to the United States District Court located in the same territory."

Section 51 of the Judicial Code (28 USCA § 112) provides that: "Except as provided in sections 113 and 118 of this title, no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suits shall be brought only in the district of the residence of either the plaintiff or the defendant."

The evident purpose of the language of the amendment to section 60b was to give the District Court jurisdiction of the person of the defendant, irrespective of section 51 of the Judicial Code.

As pointed out, prior to the amendment, the court had jurisdiction of the subject-matter without the consent of the defendant. The consent of the defendant merely conferred jurisdiction of the person. Without such consent the court had no jurisdiction of the person of the defendant. The words "for the purpose of such recovery" evidently were inserted for the purpose of vesting the court of bankruptcy with jurisdiction, both of the subject-matter and of the person. The amendment was inserted for the purpose of enlarging the jurisdiction in suits of that character over the person of the defendant. This court is disposed to follow the reasoning of the court in the case of Hurley v. Devlin (D. C.) 149 F. 268, 272, wherein it is said: "The language is not for the purpose of jurisdiction over the subject-matter of the suit or action, for that, as has been seen, by consent of defendant, the court already possessed prior to the amendment, but it is for the purpose of such recovery. Before any 'recovery' may be had, as that word

is here employed, there must be jurisdiction, not only over the subject-matter of the suit, but as well over the person of the defendant. Full, complete, and absolute jurisdiction over both the persons to and subject-matter of a suit must precede the right to a recovery."

While the case of Hurley v. Devlin, supra, has been criticized, yet its reasoning is peculiarly appropriate to the amendment of section 60b. The criticism of this case has been directed to its conclusion with reference to section 70e (11 USCA § 110, subd. e) which, at the time the opinion was given, had not been included in section 23b. The amendment of June 25, 1910, § 7 (36 Stat. 840 [11 USCA § 46, subd. b]), including section 70e in the exceptions of section 23b, obviates the criticisms directed at this opinion.

Both the District Court and the state courts are given concurrent jurisdiction. Assuming that defendant is a foreign corporation, admitted to do business in Illinois, the state courts of Illinois would have jurisdiction of this case. If the defendant could be sued and served with process in the state courts of Illinois, then it can be sued and served with process in the District Court of the United States. Jurisdiction of the subject-matter is conferred by law. Jurisdiction of the person is procured by the service of process within the territorial limits of this court.

The court is of opinion that it has jurisdiction both of the subject-matter and of the person. Accordingly, the demurrer to the plea is sustained.