NANZ TRUSTEE INC., as Trustee of the Inter Vivos Revocable Trust Created for the Benefit of Robert W. Nanz and his Creditors, Pursuant to a Plan of Arrangement under Chapter XII in the United States District Court for the Eastern District of Wisconsin as Case Number 74–1518, Plaintiff,

v.

AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHICAGO, Defendant.

Civ. A. No. 76–C–187.

United States District Court, E. D. Wisconsin.

Jan. 10, 1977.

Jonathan V. Goodman, Milwaukee, Wis., for plaintiff.

William R. Steinmetz, Milwaukee, Wis., for defendant.

DECISION AND ORDER

REYNOLDS, Chief Judge.

The plaintiff, as trustee of the inter vivos revocable trust created for the benefit of Robert W. Nanz and his creditors pursuant to a plan of arrangement under Chapter XII in the United States District Court for the Eastern District of Wisconsin, has filed

this action to set aside as a voidable preference a transfer of $15,000 in partial satisfaction of an indebtedness of Nanz owed to the defendant. The matter is before the court on the motion of the plaintiff to substitute Pierce H. Bitker as plaintiff and the motion of the defendant to dismiss for improper venue and failure of the complaint to state a claim upon which relief can be granted. For the reasons hereinafter stated, the plaintiff's motion is granted and the defendant's motion is denied.

It appears from the affidavit of one of the attorneys for the plaintiff that on March 26, 1976, Chapter XII proceedings were terminated and the plaintiff was appointed the receiver in bankruptcy. On April 30, 1976, the Honorable Howard H. Hilgendorf, Bankruptcy Judge, appointed Pierce H. Bitker as trustee in bankruptcy of Robert W. Nanz d/b/a Nanz Realty.

Since the appointment of the trustee constitutes a transfer of interest from Nanz Realty to the trustee, and the defendant has not opposed the motion, Pierce H. Bitker is hereby substituted as the proper party plaintiff under Rule 25(c) of the Federal Rules of Civil Procedure.

The defendant has moved to dismiss the complaint on the basis that venue is improper and that the plaintiff has failed to state a claim upon which relief can be granted. The Court will address itself first to the question of venue.

The defendant contends that 12 U.S.C. § 94 controls the venue in this action. That section provides:

"Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

For purposes of § 94, a national bank is "established" in the place where it has its principal office and place of business as specified in its organization certificate.

*Buffum v. Chase National Bank*, 192 F.2d 58 (7th Cir. 1951), cert. denied, 342 U.S. 944, 72 S.Ct. 558, 96 L.Ed. 702 (1951). The charter of American National Bank and Trust Company of Chicago specifies that Chicago, Illinois, is the place where the defendant has its principal office and place of business.

The plaintiff contends that in spite of § 94, this court properly has venue under 11 U.S.C. § 46. That section provides:

"(b) Suits by the receiver and the trustee shall be brought or prosecuted only in the courts where the bankrupt might have brought or prosecuted them if proceedings under this title had not been instituted, unless by consent of the defendant, except as provided in sections 96, 107, and 110 of this title."

The plaintiff interprets § 46 to mean that a venue provision, such as § 94, determines the court "where the bankrupt might have brought or prosecuted [the suit] if proceedings under this title had not been instituted * * *." Thus, under most circumstances, venue would properly be in the district where the bank is established. However, the plaintiff goes on to say that since this action is brought under 11 U.S.C. § 96, it is one of the exceptions to § 46 and therefore an exception to § 94. The plaintiff's argument is without merit.

As originally enacted, § 46 restricted plenary suits to set aside preferences to state court unless the defendant consented to the jurisdiction of the district court. Section 46 was amended by Act on February 5, 1903, §§ 8, 13 (32 Stat. 798, 799), to give district courts concurrent jurisdiction with state courts over plenary proceedings. *Rodgers v. Bankers' Commercial Co., Inc.*, 42 F.2d 906 (N.D.Ill.1930). Thus, § 94 applies with as much force to the exceptions to § 46 as it does to the remainder of the section.

Having determined that venue is properly within the district where the defendant is established, the Court need not reach the question of whether the plaintiff has stated a claim for relief. However, the Court must determine whether to dismiss the action or to transfer it to the proper district.

■■ Pursuant to 28 U.S.C. § 1406(a), it is discretionary with the Court as to whether it will dismiss the action or transfer it to another district. The action will be transferred if it is in the interests of justice to do so. As stated in 1 Moore's Federal Practice ¶ 0.146[5] (2d ed. 1976) at 1666:

"Dismissal of an action for improper venue is a severe penalty. Transfer on the other hand, enables the action to go forward in some proper venue; * * *. Courts should strive to decide and dispose of cases on pleas in bar and not dismiss litigants on pleas in abatement. Dismissal therefore should be reserved for that action where its institution in an improper forum smacks of harassment or evidences some other element of bad faith on the plaintiff's part."

The plaintiff's action does not appear to constitute harassment or to be brought in bad faith, and defendant does not contend that it is.

For the foregoing reasons,

IT IS ORDERED that Pierce H. Bitker is substituted for Nanz Trustee Inc. as plaintiff in this action.

IT IS FURTHER ORDERED that this action be and it hereby is transferred to the United States District Court for the Northern District of Illinois, which is the district in which the defendant is established.