# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30591

United States Court of Appeals
Fifth Circuit

**FILED**
September 9, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

     Plaintiff - Appellee

v.

QUINN P. REED,

     Defendant - Appellant

Appeal from the United States District Court
for the Middle District of Louisiana

Before HIGGINBOTHAM, ELROD, and HAYNES, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Appellant Quinn Reed challenges the sufficiency of the evidence supporting his conviction for possessing a firearm as a felon. Reed argues that his conviction was invalidated by the Supreme Court's decision in *United States v. Rehaif*, which altered our understanding of the *mens rea* element of the felon-in-possession offense. Finding no reversible error, we affirm.

**I.**

In May 2016, federal agents arrived at Reed's home in New Roads, Louisiana, to execute a warrant for his arrest. While searching for Reed inside the home, the agents discovered two bags of marijuana and a shotgun in his bedroom. Reed was charged with possession with intent to distribute

No. 19-30591

marijuana and possession of a firearm by a convicted felon.[1] At the start of his jury trial, Reed stipulated that he "had previously been convicted of a crime punishable for a term exceeding one year; that is, a felony as contemplated by" 18 U.S.C. § 922(g)(1), the statute that bars convicted felons from possessing firearms. In fact, Reed had been convicted of six prior felonies and had been sentenced to more than a year in prison on five separate occasions, but his stipulation prevented the jury from hearing details of those cases.[2]

Reed was convicted on both counts and sentenced to 180 months' imprisonment. He appealed, arguing that the district court had miscalculated his Guidelines sentencing range. We agreed, and in November 2018 we vacated Reed's sentence. In July 2019, the district court resentenced Reed to 172 months' imprisonment. Reed now challenges, for the first time on appeal, the sufficiency of the evidence supporting his felon-in-possession conviction.

## II.

We review an unpreserved sufficiency challenge for plain error.[3] Under the four-prong framework of plain-error review, a defendant must demonstrate (1) an error (2) that is "clear or obvious" and that (3) "affected [his] substantial rights."[4] If the first three prongs are satisfied, we may exercise our discretion to correct the error only if it (4) "seriously affects the fairness, integrity or public reputation of judicial proceedings."[5]

---

[1] *See* 21 U.S.C. § 841(a)(1); 18 U.S.C. § 922(g)(1).

[2] *See United States v. Miller*, 954 F.3d 551, 558 (2d Cir. 2020) ("It is customary for a defendant in a [felon-in-possession] case . . . to stipulate to the existence of his prior felony in order to prevent its details . . . from being placed before the jury.").

[3] *United States v. Suarez*, 879 F.3d 626, 630 (5th Cir. 2018).

[4] *Puckett v. United States*, 556 U.S. 129, 135 (2009).

[5] *Id.* (internal alterations omitted) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

2

No. 19-30591

### III.

18 U.S.C. § 922(g)(1) prohibits a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year"—that is, a felony—from transporting, receiving, or possessing firearms and ammunition. A separate provision, § 924(a)(2), provides that anyone who "knowingly violates" § 922(g)(1) is subject to a fine, imprisonment for up to ten years, or both.

At the time of Reed's trial, this Court, along with "every other circuit court to have considered the issue," maintained that "knowledge of one's felon status was not an element" of the felon-in-possession offense.[6] In other words, although a defendant must have knowingly possessed a weapon, he need not have known he was a felon at the time of that possession.[7] In June 2019—after we vacated Reed's initial sentence but before the district court resentenced him—the Supreme Court altered our understanding of § 922(g)(1)'s mens rea element in *Rehaif v. United States*.[8] The *Rehaif* Court held that "the word 'knowingly' applies both to the defendant's conduct and to the defendant's status."[9] In other words, a § 922(g) conviction *does* require proof that the defendant "knew he had the relevant status when he possessed" the firearm.[10]

Reed argues that his § 922(g)(1) conviction must be vacated under *Rehaif* because the jury received no direct evidence that, at the time he possessed the rifle, he was aware that any of his prior convictions were punishable by more than a year in prison. The Government counters that "the evidence at trial

---

[6] *United States v. Staggers*, 961 F.3d 745, 750 (5th Cir. 2020).
[7] *See id.* at 754.
[8] 139 S. Ct. 2191 (2019).
[9] *Id.* at 2194.
[10] *Id.*

3

was, in fact, sufficient to prove that Reed was aware of his felon status."[11] It relies principally on the stipulation of prior felony conviction offered by Reed at the start of trial, arguing that "[a] reasonable jury could easily infer that a person who [was] convicted of a felony knows what he is convicted of and its potential consequences."

The Government also points to a letter found in Reed's bedroom that contained a Department of Corrections ("DOC") number, from which "the jury could infer . . . that Reed had been incarcerated in a state prison—meaning that the underlying crime was serious." Finally, the Government cites defense counsel's statement during closing argument that Reed had pled guilty to his unspecified prior felony "because he was guilty [and] [h]e accepted it." In the Government's view, the jury could reasonably have inferred from that statement "that Reed would not have entered a guilty plea without knowing the maximum penalty to which he was subject."

Even assuming it was plain error under *Rehaif* not to require evidence of Reed's knowledge of his status, Reed has not shown that the error affected his substantial rights, much less that it undermined the fairness, integrity, or public reputation of judicial proceedings. "As a general rule, an error affects a defendant's substantial rights only if the error was prejudicial."[12] In other words, the defendant must show "a reasonable probability that the result of the proceedings would have been different but for the error."[13] Reed has not

---

[11] The Government properly acknowledges that Reed's *Rehaif* argument is not foreclosed by the law of the case doctrine. Although that doctrine ordinarily bars consideration of issues foregone on a prior appeal, it does not apply where, as here, "there has been an intervening change of law by a controlling authority." *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002).

[12] *United States v. Johnson*, 943 F.3d 214, 223 (5th Cir. 2019) (quoting *United States v. Gonzalez-Rodriguez*, 621 F.3d 354, 363 (5th Cir. 2010)).

[13] *United States v. Huntsberry*, 956 F.3d 270, 283 (5th Cir. 2020) (quoting *Johnson*, 943 F.3d at 223).

No. 19-30591

even briefed the third and fourth prongs of plain-error review, instead claiming that all four prongs are "subsumed" in his favored standard of review: whether "the record is devoid of evidence pointing to guilt." Reed appears to derive this "devoid of evidence" standard from a misreading of *United States v. Delgado*, where we explained that the second prong of plain-error review is so "exacting" that an unpreserved sufficiency challenge "will be rejected unless the record is *devoid of evidence* pointing to guilt or if the evidence is so tenuous that a conviction is shocking."[14] *Delgado* made clear that this "devoid of evidence" standard is an articulation only of what it takes "to satisfy the second prong of the plain-error test," not a freestanding restatement of or alternative to plain-error review.[15] As we have stated many times since *Delgado*, all four prongs must be met in order to prevail on an unpreserved sufficiency challenge.[16]

In any case, there are several indications that the result of Reed's proceedings would be unchanged even if *Rehaif*'s requirements had been fully observed. First, nowhere does Reed "argue that he actually lacked knowledge of his status as a felon"[17] or even point to facts suggesting a *possibility* that he could have been unaware of his status.[18] Second, given the lengthy record of serious offenses that would have been introduced to the jury absent a stipulation, "we are confident that if *Rehaif* had been decided when his case went to trial, [Reed] would have stipulated to both the felon-status element and the knowledge-of-felon-status element to keep the jury ignorant of the inculpatory details otherwise required to prove knowledge of felon status."[19]

---

[14] 672 F.3d 320, 330–31 (5th Cir. 2012) (quoting *United States v. Phillips*, 477 F.3d 215, 219 (5th Cir. 2007)).

[15] *Id.* at 331.

[16] *See, e.g.*, *Suarez*, 879 F.3d at 630–31; *United States v. Smith*, 878 F.3d 498, 503 (5th Cir. 2017).

[17] *Staggers*, 961 F.3d at 756.

[18] *See Huntsberry*, 956 F.3d at 281–82.

[19] *Staggers*, 961 F.3d at 756.

No. 19-30591

Third, while the other evidence urged by the Government—a photo of a letter showing Reed's DOC number and defense counsel's acknowledgement of Reed's prior guilty plea—are not conclusive of Reed's knowledge at the time of the offense, they do lend further support to our conclusion that there is no "reasonable probability that a properly instructed jury viewing the evidence actually admitted at trial would have returned a different verdict."[20] Reed has not even attempted to refute these points or make any showing that there was a reasonable probability that the outcome would have been different without the purported error in this case.

## IV.

For the foregoing reasons, Reed's conviction and sentence for possession of a firearm as a felon are affirmed.

---

[20] *Id.* at 755. The Government urges us to "take into account the entire record, not just the evidence presented at trial." There remains considerable disagreement among circuit courts on the question of whether our substantial-rights inquiry is limited to the evidence actually admitted at trial, or whether instead we may "also consider evidence presented at sentencing, or perhaps even evidence outside the appellate record entirely." *Huntsberry*, 956 F.3d at 284; *see Staggers*, 961 F.3d at 755. We need not decide the issue here because Reed has failed to demonstrate reversible error under any of those approaches.