# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 7, 2022

Lyle W. Cayce
Clerk

No. 20-40585

United States of America,

*Plaintiff—Appellee*,

*versus*

Collin Garrett Hayden,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:17-CR-00009-RWS-CMC-6

Before Jolly, Elrod, and Oldham, *Circuit Judges*.

Per Curiam:*

Collin Garrett Hayden appeals his conviction for obstruction of justice. He argues that conducting his trial in the Eastern District of Texas violated his constitutional right to be tried in the district in which his crime occurred.[1] We review this case under the plain error standard because

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

[1] The Constitution provides that "[t]rial shall be held in the State where the said Crimes shall have been committed; but when not committed within any State, the Trial

No. 20-40585

Hayden failed to object below to the issue he now raises. Under plain error review, Hayden has failed to show any obvious error that affected his substantial rights. Accordingly, his conviction for obstruction of justice is AFFIRMED.

Hayden also contends he deserved a two-point acceptance of responsibility reduction in criminal offense level at sentencing. But because his conduct did not show he accepted responsibility for his crimes, his sentence is also AFFIRMED.

I.

In 2016, federal special agents began investigating a drug conspiracy in the Eastern District of Texas, using Paul Brown, a drug distributor, as an undercover informant. Brown's drug operations took place in the Eastern and Northern Districts of Texas. Brown led agents to James McLemore, a resident of Dallas, Texas. Shortly after learning that Brown had been arrested and was now working with law enforcement, McLemore fled his Dallas apartment and sublet it to Timothy Harper and appellant Hayden.

At McLemore's apartment, special agents contacted Harper and Hayden three different times using a confidential informant. At one encounter, on February 9, 2017, Hayden offered to sell the informant drugs. Agents later raided the apartment and arrested Harper, but Hayden had fled to Miami.

---

shall be at such Place or Places as the Congress may by Law have directed." U.S. CONST. art. III, § 2, cl. 3.

Hayden was charged with obstruction of justice, which has its own venue statute, 18 U.S.C. § 1512(i), which declares: "A prosecution under [section 1512 or 1503] may be brought in the district in which the official proceeding (whether or not pending or about to be instituted) was intended to be affected or in the district in which the conduct constituting the alleged offense occurred."

No. 20-40585

Nearly two months later, in early April, special agent Kelly attempted to locate Hayden at his father's house in Atlanta, Texas (which is in the Eastern District). After discovering Hayden was not present, Kelly obtained Hayden's phone number and later called him. In this conversation, Kelly said that Hayden's case was pre-indictment and asked if Hayden would be interested in becoming a confidential informant. Hayden refused to cooperate.

After the phone call with Kelly, Hayden—apparently still in Miami—made four Facebook posts on April 5th, 6th, 8th, and 9th to find Harper, whom he now believed had been informing on him to the police. Hayden offered mutual friends $2,000 for Harper's location and directly threatened Harper in the April 9th post.

Law enforcement eventually arrested Hayden in Miami for drug possession. An Eastern District of Texas grand jury returned a superseding indictment charging Hayden with drug conspiracy, using a firearm in a drug trafficking crime, and obstruction of justice under section 1512.[2] Hayden pleaded not guilty and was tried.

At trial, McLemore and Harper both testified against Hayden. McLemore stated that he sold drugs to Hayden regularly. Harper testified that he and Hayden had temporarily trafficked these drugs between Dallas, Texas and Shreveport, Louisiana. In doing so, Harper, Hayden, and their buyers traveled Interstate 20, which passes through the Eastern District of Texas.

---

[2] The government specifically charged Hayden under 18 U.S.C. § 1512(a)(2)(A), which makes it a crime to use "physical force or the threat of physical force against any person, or attempts to do so, with intent to influence, delay, or prevent the testimony of any person in an official proceeding . . . ." The maximum sentence provided for Hayden's charge was twenty years. *Id.* § (a)(3)(C).

No. 20-40585

Hayden did not raise the venue claims, by motion or otherwise, until after the government rested its case. In his Rule 29 motion, Hayden first objected to venue, but with no mention of the Constitution. Indeed, in his brief to this court, Hayden acknowledges that he made no objection based on the Constitution. In response to Hayden's venue objection for the obstruction of justice charge, the government cited section 1512(i) and argued venue was proper in the Eastern District because the official proceeding had been filed there. The district court denied both the Rule 29 motion and the renewed Rule 29 motion. The district court also refused to instruct the jury or require a special finding on venue for the obstruction count. The jury returned a mixed verdict; it convicted Hayden of obstruction of justice but acquitted him of the conspiracy and firearm offenses.

At sentencing, Hayden moved for a two-level acceptance of responsibility reduction, claiming that he qualified for the reduction because he had essentially admitted all elements of the obstruction offense in his trial testimony. The court denied Hayden's motion. Ultimately, the district court sentenced Hayden to 180 months' imprisonment.

Hayden now appeals, arguing that the denial of his Rule 29 motions based upon improper venue and the denial of the two-point reduction for acceptance of responsibility both constitute error.

II.

The primary question Hayden seeks to present to us is whether the location of Hayden's trial in the Eastern District of Texas was consistent with the Constitution's venue requirements. To answer this question, we will first consider the standard of review.

## A.

Hayden has presented us with a legal argument that his trial violated his constitutional rights. We would ordinarily review such argument *de novo*. *United States v. Romans*, 823 F.3d 299, 309 (5th Cir. 2016). Such alleged trial errors, however, have procedural requirements: defendants must make timely trial objections known to the trial court before bringing them to us. *See* FED. R. CRIM. P. 12(b)(3). If such an objection is lacking, however, the plain error standard of review applies, which means generally that the error must be plain and prejudicial. *United States v. Stewart*, 843 F. App'x 600, 604 (5th Cir. 2021) (citing *United States v. Guzman*, 739 F.3d 241, 246 n.8 (5th Cir. 2014)).

As we have noted, Hayden concedes that he failed at trial to object to the alleged error he now presents to us. Consequently, we will review Hayden's improper venue argument under the plain error standard of review.

## B.

We turn now to Hayden's venue arguments. For Hayden to succeed under plain error review, he must show that "(1) there is an error, (2) that is clear or obvious, and (3) that affects [the defendant's] substantial rights" and then persuade the court that the "error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Rojas*, 812 F.3d 382, 390–91 (5th Cir. 2016) (alterations in original) (citations omitted).

The Constitution provides: "Trial shall be held in the State where the said Crimes shall have been committed; but when not committed within any State, the Trial shall be at such Place or Places as the Congress may by Law have directed." U.S. CONST. art. III, § 2, cl. 3. The Sixth Amendment further specifies that trial shall be in the "district wherein the crime shall

have been committed, *which district shall have been previously ascertained by law*." U.S. CONST. amend. VI (emphasis added). The Federal Rules of Criminal Procedure address the constitutional mandates by requiring the government to "prosecute an offense in a district where the offense was committed" unless a statute or rule provides otherwise. FED. R. CRIM. P. 18.

18 U.S.C. § 1512(i) provides: "A prosecution under this section or section 1503 may be brought in the district in which the official proceeding (whether or not pending or about to be instituted) was intended to be affected or in the district in which the conduct constituting the alleged offense occurred."

Hayden argues that section 1512(i)'s venue-fitting provision unconstitutionally conferred venue in the Eastern District of Texas for his obstruction charge. Specifically, he argues that his obstructive acts did not occur in the Eastern District of Texas, and that under the provisions of Article 3 Section 2 of the Constitution, venue of his trial was improper. Hayden cites no binding authority to support this "constitutionally improper" argument and we are aware of none. We need not dwell on the ultimate merits of the argument, however, because, lacking any cognizable authority, Hayden cannot show that the error alleged was obvious. Although there may be a facial difference between what the constitutional provisions require and the words of section 1512(i), neither we nor our sister circuits have addressed a constitutional issue.[3] To be sure, it is a stretch to say that section 1512(i) is unconstitutional given Congress' constitutional power to

---

[3] One federal district court we have found through our research did conclude section 1512 was constitutional over a challenge that section 1512(i) "provides for venue in a place other than the district where the crime was committed." *United States v. Trie*, 21 F. Supp. 2d 7, 17 (D.D.C 1998).

No. 20-40585

define where an offense occurs for purposes of a venue analysis. *See, e.g.*, U.S. CONST. amend. VI (specifying that trial shall be in the "district wherein the crime shall have been committed, which district shall have been previously ascertained by law"); FED. R. CRIM. P. 18 (acknowledging a statute could define place of venue); *United States v. Johnson*, 323 U.S. 273, 275 (1944) (endorsing congressional power to define a continuing offense and the venue thereunder).

Moreover, Hayden has not shown that any error that may have occurred with venue affected his substantial rights. A defendant must show that the error was "prejudicial" and that there is "a reasonable probability" that the end result would have been different if the error had not occurred. *United States v. Reed*, 974 F.3d 560, 562–63 (5th Cir. 2020). Hayden failed to argue that he suffered prejudice by being tried in the Eastern District, let alone that the result of his case would have been different if he had been tried elsewhere. Similarly, there was no manifest injustice because Hayden had a fair trial—in which he was even acquitted on certain charges—in the Eastern District.

Consequently, under plain error review, Hayden's alleged constitutional claim fails and his conviction for obstruction of justice is affirmed.

III.

Hayden also challenges his sentence. He specifically appeals the district court's refusal to grant a two-level reduction in offense level for acceptance of responsibility. The sentencing guidelines provide: "If the defendant clearly demonstrates acceptance of responsibility for his offense, [the court can] decrease the offense level by 2 levels." U.S. SENT'G GUIDELINES MANUAL § 3E1.1(a) (U.S. SENT'G COMM'N 2021).

7

"A district court's refusal to reduce a sentence for acceptance of responsibility is reviewed under a standard 'even more deferential than a pure clearly erroneous standard.'" *United States v. Najera*, 915 F.3d 997, 1002 (5th Cir. 2019) (quoting *United States v. Maldonado*, 42 F.2d 906, 913 (5th Cir. 1995)). This standard will "nearly always sustain the judgment of the district court . . . ." *United States v. Thomas*, 870 F.2d 174, 176 (5th Cir. 1989). The guidelines specify that "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." U.S. Sent'g Guidelines Manual § 3E1.1 cmt. n.5 (U.S. Sent'g Cmm'n 2021).

Hayden contends that because he essentially admitted all the elements of obstruction at trial, he qualifies for the two-level reduction in offense level. Hayden's conduct, however, tells a different story, that is, that he did not accept responsibility for his crimes.

It is certainly true that exercising the right to trial does not foreclose an acceptance of responsibility reduction, but the reduction "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt . . . ." *Id.* § 3E1.1 cmt. n.2.

Numerous facts support the district court's denial of Hayden's request: he fled to Florida after the raid on his apartment and Harper's arrest, he admitted to lying to law enforcement while incarcerated before trial, and there is some evidence that he committed perjury. Even after trial, Hayden continued to commit criminal offenses, leading to his guilty plea for possession of contraband in jail. This conduct runs counter to section 3E1.1's guidance for determining acceptance of responsibility. As such, the lower court did not err in denying the reduction.

No. 20-40585

## IV.

In sum, we have held, first, that Hayden's argument of improper venue does not survive the plain error standard of review as it failed to demonstrate clear and obvious error. Second, we have held that the district court did not abuse its discretion by denying Hayden's request for an acceptance of responsibility sentencing reduction. Accordingly, the judgment is, in all respects,

AFFIRMED.